1  DILLINGHAM & MURPHY, LLP
   CARLA J. HARTLEY (SBN 117213)
2  BARBARA L. HARRIS CHIANG (SBN 206892)
3  225 Bush Street, 6th Floor
   San Francisco, California 94104-4207
4  Telephone:    (415) 397-2700
   Facsimile:    (415) 397-3300
5
   Attorneys for Defendants
6  R & L BROSAMER, INC., GUY CULP, JOHN
   POLEGAR, SHAWN OTHEIN and JOSE
7  ESCOBEDO

8                    UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

10 | CHARLENE SHOEMAKER, an individual, | Case No. CV 08-3098 WDB |
11 | Plaintiff, | **NOTICE OF MOTION AND OPENING BRIEF IN SUPPORT OF DEFENDANTS POLEGAR, OTHEIN, AND ESCOBEDO'S MOTION TO DISMISS** |
12 | v. | |
13 | R & L BROSAMER, INC., a California corporation; GUY CULP, an individual; JOHN POLEGARD, an individual; SHAWN OTHEIN, an individual; JOSE ESCOBEDO, an individual; and DOES 1 through 120, inclusive, | Date:    September 24, 2008
Time:    1:30 p.m.
Dept.:   Courtroom 4

Magistrate Judge Wayne D. Brazil |
14 | | |
15 | | |
16 | Defendants. | |

**TABLE OF CONTENTS**

| | Page No. |
|---|---|
| NOTICE OF MOTION AND MOTION TO DISMISS | 1 |
| BRIEF IN SUPPORT OF MOTION TO DISMISS | 1 |
| I. PRELIMINARY STATEMENT | 1 |
| II. SUMMARY OF COMPLAINT ALLEGATIONS | 2 |
| III. LEGAL ARGUMENT | 3 |
|     A. Allegations Against Individual Defendants for Unlawful Retaliation In Employment in Violation of California Government Code Section 12940 Fail to State a Claim (Fourth Cause of Action) | 4 |
|     B. Allegations Against Individual Defendants for Wrongful Termination and Retaliation in Violation of Public Policy Fail to State Claim (Fifth Cause of Action) | 4 |
|     C. Allegations Against Individual Defendants for Intentional Infliction of Emotional Distress Fail to State a Claim (Eighth Cause of Action) | 6 |
|         1. Plaintiff has failed to plead facts constituting outrageous conduct or intent to cause emotional distress | 7 |
|         2. Intentional Infliction of Emotional Distress is Barred by Exclusivity of Workers' Compensation Act | 9 |
|         3. Plaintiff's IIED claim is moot if the Fourth and Fifth Causes of Action are dismissed | 10 |
|     D. Allegations Against Individual Defendants for Negligent Infliction of Emotional Distress Fail to State a Claim (Ninth Cause of Action) | 10 |
|         1. Plaintiff has failed to allege a breach of duty by Individual Defendants | 10 |
|         2. Negligent infliction of emotional distress is barred by exclusivity of Workers' Compensation Act | 10 |
|         3. Plaintiff's negligent infliction of emotional distress claim is moot if the Fourth and Fifth Causes of Action are dismissed | 11 |
| IV. CONCLUSION | 11 |

# TABLE OF AUTHORITIES

Page No.

**Cases**

**Federal**

Helgeson v. Am. Int'l Group, Inc.
 (S.D. Cal. 1999) 44 F.Supp.2d 1091 .................................................................................... 7

N.L. Industries, Inc. v. Kaplan
 (9th Cir. 1986) 792 F.2d 896 ................................................................................................ 4

Rutman Wine Co. v. E. & J. Gallo Winery
 (9th Cir. 1987) 829 F.2d 729 ................................................................................................ 5

Schaffer v. GTE, Inc.
 (9th Cir. 2002) 2002 WL 1354703 ................................................................................. 9, 10

Schreiber Dist. v. Serv-Well Furniture Co.
 (9th Cir. 1986) 806 F.2d 193 ................................................................................................ 5

Siaperas v. Montana State Compensation Insurance Fund
 (9th Cir. 2008) 480 F.3d 1001 .............................................................................................. 4

**State**

Agarwal v. Johnson
 (1979) 25 Cal.3d 932 ............................................................................................................ 7

Burgess v. Superior Court
 (1992) 2 Cal.4th 1064 ................................................................................................... 10, 11

Charles J. Vacanti, M.D., Inc. v. St. Comp. Ins. Fund
 (2001) 24 Cal.4th 800 ........................................................................................................... 9

Christensen v. Superior Court
 (1991) 54 Cal.3d 868 ............................................................................................................ 8

Cole v. Fair Oaks Fire Protection Dist.
 (1987) 43 Cal.3d 148 ............................................................................................... 9, 10, 11

Davidson v. City of Westminster
 (1982) 32 Cal.3d 197 ............................................................................................................ 7

Delfino v. Agilent Technologies, Inc.
 (2007) 145 Cal.App.4th 790 ............................................................................................... 10

*Fiol v. Doellstedt*
  (1996) 50 Cal.App.4th 1318 .................................................................................................. 10

*Green v. Par Pools Inc.*
  (2003) 111 Cal.App 4th 620 ..................................................................................................... 5

*Jacobs v. Universal Development Corp.*
  (1997) 53 Cal.App.4th 692 ....................................................................................................... 6

*Janken v. GM Hughes Electronics*
  (1996) 46 Cal.App.4th 55 ..................................................................................................... 7, 8

*Jones v. Lodge at Torrey Pines Partnership*
  (2008) 42 Cal.4th 1158 ..................................................................................................... 5, 6, 7

*Khajavi v. Feather River Anesthesia Med. Group*
  (2000) 84 Cal.App.4th 32 ......................................................................................................... 5

*Le Bourgeois v. Fireplace Manufacturers, Inc.*
  (1998) 68 Cal.App.4th 1049 ..................................................................................................... 6

*Melorich Builders, Inc. v. Superior Court*
  (1984) 160 Cal.App.3d 931 ...................................................................................................... 7

*Phillips v. Gemini Moving Specialists*
  (1998) 63 Cal.App.4th 563 ............................................................................................. 6, 9, 11

*Potter v. Firestone Tire & Rubber Co.*
  (1993) 6 Cal.4th 965 ............................................................................................................... 10

*Reno v. Baird*
  (1998) 18 Cal.4th 640 ............................................................................................................... 6

*Trerice v. Blue Cross of California*
  (1989) 209 Cal.App.3d 878 ................................................................................................... 7, 8

*Weinbaum v. Goldfarb, Whitman & Cohen*
  (1996) 46 Cal.App.4th 1310 ..................................................................................................... 6

*White v. Ultramar*
  (1999) 21 Cal.4th 563 ............................................................................................................... 7

**Statutes**

California Government Code
  Section 1102.5 .......................................................................................................................... 5
  Section 12940 ................................................................................................................. *passim*

Page iii - Case No. CV 08-3098 WDB
Notice of Motion and Opening Brief In Support Of Defendants Polegar, Othein, And Escobedo's Motion To Dismiss

Federal Rules of Civil Procedure
  Rule 12(b)(6) .................................................................................................................. 1

Labor Code
  Section 1197.5 (b) ........................................................................................................... 5

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF CHARLENE SHOEMAKER AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **September 24, 2008, at 1:30 p.m.**, or as soon thereafter as counsel may be heard, in Courtroom 4 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, defendants JOHN POLEGAR ("Polegar") [incorrectly named as John Polegard], SHAWN OTHEIN ("Othein"), and JOSE ESCOBEDO ("Escobedo") (collectively "Individual Defendants") will bring on for hearing this motion, made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss each of the claims for relief asserted against them and contained in plaintiff CHARLENE SHOEMAKER'S First Amended Complaint for Damages (the "FAC"). Defendants' motion is made on the grounds that the Complaint fails to state a claim upon which Plaintiff is entitled to relief against Polegar, Othein, or Escobedo. The claims at issue are the following:

1. The Fourth Cause of Action for Unlawful Retaliation In Employment in Violation of California Government Code Section 12940, *et. seq.*;

2. The Fifth Cause of Action for Wrongful Termination and Retaliation in Violation of Public Policy;

3. The Eighth Cause of Action for Intentional Infliction of Emotional Distress; and,

4. The Ninth Cause of Action for Negligent Infliction of Emotional Distress.

By this motion, the Individual Defendants seek an order dismissing the claims pleaded against them in the First Amended Complaint. Defendants' motion is based on this notice of motion and motion, the following brief in support of the motion, declaration of Barbara L. Harris Chiang, and the Copies of Authorities.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

I.   PRELIMINARY STATEMENT

Plaintiff is a former employee of defendant R & L BROSAMER, INC. ("Brosamer"). She alleges she began working for Brosamer in or about May 2003 and claims she was constructively discharged in or about September 2006. (First Amended Complaint ("FAC") ¶ 1), attached to the declaration of Barbara L. Harris Chiang as Exhibit A.) Plaintiff's FAC purports to assert thirteen causes of action, four of which are against the Individual Defendants, arising from her

employment. The four claims pleaded against the Individual Defendants should be dismissed for the following reasons:

1. The **Fourth Cause of Action** for Unlawful Retaliation In Employment in Violation of California Government Code Section 12940, *et.seq.* fails to state a claim under California law;

2. The **Fifth Cause of Action** for Wrongful Termination and Retaliation in Violation of Public Policy fails to state a claim under California law; [1]

3. The **Eighth Cause of Action** for Intentional Infliction of Emotional Distress (i) fails to state a claim, (ii) is barred by the exclusivity provisions of the California Workers' Compensation Act ("WCA"), and (iii) is not a viable claim if the Fourth and Fifth Causes of Action fail; and

4. The **Ninth Cause of Action** for Negligent Infliction of Emotional Distress (i) fails to state a claim, (ii) is barred by the exclusivity provisions of the California Workers' Compensation Act ("WCA"), and (iii) is not a viable claim if the Fourth and Fifth Causes of Action fail.

II.   SUMMARY OF COMPLAINT ALLEGATIONS

The First Amended Complaint alleges that plaintiff was hired as a laborer and subsequently promoted to the position of foreman. (FAC ¶ 17.) Plaintiff alleges that the Individual Defendants Polegar, Othein, and Escobedo were her supervisors. (FAC ¶¶ 4-6.) Specifically, the First Amended Complaint alleges that Polegar "was employed as a Southern Area Manager at BROSAMER" (FAC ¶ 4); Othein "was employed as a Project/Equal Employment Opportunity Manager" (FAC ¶ 5); and Escobedo "was employed as an Equal Employment Opportunity Manager" (FAC ¶ 6). The First Amended Complaint alleges further that the Individual Defendants "had both direct and indirect supervisory authority over SHOEMAKER and [were] her actual and/or ostensible supervisor(s) within the meaning of California Government Code section 12926, subdivision (r)." (FAC ¶¶ 4-6.)

Co-defendant GUY CULP ("Culp"), allegedly sexually harassed plaintiff. (FAC ¶ 25 a-h.) Plaintiff claims she "repeatedly complained to higher management at BROSAMER, including but not limited to CULP, OTHEIN, POLEGAR, and ESCOBEDO," regarding the alleged harassment and discrimination. (FAC ¶ 53.) The FAC states that "CULP was eventually suspended from

---

[1] Plaintiff's counsel has admitted that the Fourth and Fifth Causes of Action are not viable against the Individual Defendants, but has refused to dismiss these claims until a motion to remand is heard. Plaintiff's counsel has declined to voluntarily dismiss the Eighth and Ninth Causes of Action against the Individual Defendants.

Page 2 - Case No. CV 08-3098 WDB
Notice of Motion and Opening Brief In Support Of Defendants Polegar, Othein, And Escobedo's Motion To Dismiss

work as a result of his inappropriate, harassing, and/or discriminatory conduct at work." (FAC ¶ 54.) Culp allegedly "continued to engaged in the same type of harassing conduct" after the suspension. (FAC ¶ 54.)

Six weeks after Culp's alleged suspension, the project plaintiff and Culp were working on ended. (FAC ¶¶ 18-19 & 55.) Subsequently, "Culp went to work as the paving superintendent of a project in San Jose, California (the "San Jose Project")." (FAC ¶ 55.) Plaintiff claims that she and the rest of the crew were "not transferred to work on the San Jose Project because the members had knowledge of the unlawful conduct that had taken place on the Coachella Project jobsite with respect to SHOEMAKER and other employees . . ." (FAC ¶ 56.) Plaintiff alleges further that "[a]s a result of not being transferred to work on the San Jose Project, SHOEMAKER was assigned by BROSAMER to the task of working in the yard. At this time, SHOEMAKER was demoted from her position as foreman. . . . [and that it was] at least in part, due to the fact SHOEMAKER had complained about and opposed, conduct that she believed to be unlawful under FEHA." (FAC ¶ 57.) Plaintiff claims that when working in the yard she "earned a lower wage," was "scheduled to work fewer hours," and "the task of working in the yard was far less desirable than working on a paving project." (FAC ¶ 57.) "As a result of these factors, SHOEMAKER was forced to quit her employment with BROSAMER and seek employment elsewhere. . . ." (FAC ¶ 57.)

III. **LEGAL ARGUMENT**

The court properly grants a motion to dismiss when it appears from the face of the complaint, taking all factual allegations therein as true, that Plaintiff is not entitled to relief. (*See, e.g., N.L. Industries, Inc. v. Kaplan* (9th Cir. 1986) 792 F.2d 896, 898.) Dismissal is proper when there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. (*Siaperas v. Montana State Compensation Insurance Fund* (9th Cir. 2008) 480 F.3d 1001, 1003.) Tested against the foregoing standard, the First Amended Complaint fails to state a claim for relief against the Individual Defendants.

///

///

### A. Allegations Against Individual Defendants for Unlawful Retaliation In Employment in Violation of California Government Code Section 12940 Fail to State a Claim (Fourth Cause of Action)

Plaintiff's Fourth Cause of Action purports to state a claim against the Individual Defendants for retaliation under the Fair Employment and Housing Act ("FEHA") pursuant to Government Code section 12940(h). (FAC ¶¶ 50-51.) The First Amended Complaint specifically alleges that after complaining to "OTHEIN, POLEGARD [sic], and ESCOBEDO [about] harassment and discrimination to which she was subjected based on her sex" [FAC ¶ 53], she "was not transferred to work on the San Jose Project" [FAC ¶56], and that she was "demoted from her position as a foreman. . . . due to the fact that SHOEMAKER had complained about, and opposed, conduct that she reasonably believed to be unlawful under FEHA" [FAC ¶ 57].

California law prohibits employees from holding nonemployer individuals liable for retaliation under FEHA. In the recent California Supreme Court decision, *Jones v. Lodge at Torrey Pines Partnership,* the court considered "whether an individual may be held personally liable for retaliation under the FEHA." ((2008) 42 Cal.4th 1158, 1161.) The Supreme Court concluded: "that the employer is liable for retaliation under section 12940, subdivision (h), but nonemployer individuals are not personally liable for their role in that retaliation." (*Id.* at 1173.)

Here, Plaintiff's Fourth Cause of Action attempts to hold the Individual Defendants liable for retaliation, which is strictly prohibited under California law, and thus fails to state a claim against the Individual Defendants. There are no facts that plaintiff can plead that will cure the defect in the Fourth Cause of Action, therefore plaintiff should not be granted leave to amend this cause of action.[2]

### B. Allegations Against Individual Defendants for Wrongful Termination and Retaliation in Violation of Public Policy Fail to State Claim (Fifth Cause of Action)

Plaintiff's Fifth Cause of Action purports to state a claim against the Individual Defendants for wrongful termination and retaliation in violation of public policy. "As a matter of law, only an *employer* can be liable for the tort of wrongful discharge in violation of public policy." (*Khajavi v.*

---

[2] Leave to amend should be denied if a court determines that to do so would be futile. (*See Schreiber Dist. v. Serv-Well Furniture Co.* (9th Cir. 1986) 806 F.2d 193, 195-96 ["allegations of other facts consistent with the challenged pleading could not possibly cure the defect"]; *Rutman Wine Co. v. E. & J. Gallo Winery* (9th Cir. 1987) 829 F.2d 729, 738.

Page 4 - Case No. CV 08-3098 WDB
Notice of Motion and Opening Brief In Support Of Defendants Polegar, Othein, And Escobedo's Motion To Dismiss

*Feather River Anesthesia Med. Group* (2000) 84 Cal.App.4th 32, 53 (italics added).)

The First Amended Complaint alleges that the Individual Defendants here are supervisors: "Defendant . . . had both direct and indirect supervisory authority over SHOEMAKER and was her actual and/or ostensible supervisor . . ." (FAC ¶¶ 4-6.) The First Amended Complaint admits that these individuals were *employees* of R & L Brosamer: "At all times alleged herein, [POLEGARD [sic]] [OTHEIN] [ESCOBEDO] was acting, at least in part, in the course and scope of his employment with BROSAMER . . ." (FAC ¶¶ 4-6.)

One of the alleged public policy violations plaintiff relies on as the basis for her wrongful termination claim is retaliation under the FEHA. (FAC ¶¶ 65-66.) The Individual Defendants cannot be held liable for discrimination or retaliation under the FEHA. (*Reno v. Baird* (1998) 18 Cal.4th 640, 665; *Lodge at Torrey Pines Partnership, supra*, 42 Cal.4th at 1174.)

As a further basis for plaintiff's wrongful termination claim, plaintiff appears to allege that she was retaliated against for making a complaint regarding to her pay under California Labor Code section 1197.5 (California's Equal Pay Act). (See FAC ¶ 66 ["that her opposition to, reports of, and complaints about practices make unlawful under California Government Code section, *et seq.* and California Labor Code section 1197.5."].) Labor Code section 1197.5, however, does not contain a retaliation provision. (*Green v. Par Pools Inc.* (2003) 111 Cal.App.4th 620, [Equal pay statute did not contain a provision against retaliation and thus did not provide basis for employee to pursue cause of action based on allegations that she was terminated in retaliation for seeking equal pay for equal work.].) Nor does the statute provide for liability against individual supervisors. (*See* Labor Code § 1197.5 (b) ["Any employer who violates subdivision (a) is liable to the employee affected in the amount of the wages, and interest thereon, of which the employee is deprived by reason of the violation, and in an additional equal amount as liquidated damages.".)

Plaintiff also alleges Government Code section 1102.5 (California's "Whistleblower Statute") as a further basis for her wrongful termination claim against the Individual Defendants. (FAC ¶ 65.) Government Code section 1102.5 provides in pertinent part:

> (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(c) An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(d) An employer may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment.

The whistleblower statute does not even reference supervisors or infer that supervisors can be liable under this statute. Plaintiff admits this in the FAC: "[s]aid statute prohibits employers from retaliating against employees for reporting information that discloses what the employee reasonably believes to be a violation of, or non-compliance with, a state and/or federal statute or regulation . . ." (FAC ¶ 65.)

None of the alleged underlying public policy violations make the wrongful termination claim viable against the Individual Defendants. It is well settled law in California that only an *employer* can be liable for the tort of wrongful discharge in violation of public policy. (*See Weinbaum v. Goldfarb, Whitman & Cohen* (1996) 46 Cal.App.4th 1310, 1315; *Jacobs v. Universal Development Corp.* (1997) 53 Cal.App.4th 692, 704; *Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563, 575; *Le Bourgeois v. Fireplace Manufacturers, Inc.* (1998) 68 Cal.App.4th 1049, 1052.)

As a matter of law, the Fifth Cause of Action fails to state a claim against the Individual Defendants, as plaintiff alleges these individuals were her supervisors—not her employer. Additionally, since the Individual Defendants cannot be held liable on the underlying retaliation claims, they cannot as a matter of law be liable for wrongful termination. There are no facts that plaintiff can plead that will cure the defect in the Fifth Cause of Action. Plaintiff should not be granted leave to amend this cause of action.

    C.    <u>Allegations Against Individual Defendants for Intentional Infliction of Emotional Distress Fail to State a Claim (Eighth Cause of Action).</u>

        1.    <u>Plaintiff has failed to plead facts constituting outrageous conduct or intent to cause emotional distress.</u>

In order to establish intentional infliction of emotional distress ("IIED"), plaintiff has the burden of pleading and proving the following elements: (1) outrageous conduct by the defendant; (2) with an intention to cause, or a reckless disregard of the probability of causing, emotional distress; (3) the suffering of severe emotional distress by the plaintiff; and actual and proximate

causation of the plaintiff's emotional distress by the defendant's outrageous conduct. (*Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 209.)

"Outrageous" conduct is conduct that is "exceeding all bounds usually tolerated by a decent society," (*Agarwal v. Johnson* (1979) 25 Cal.3d 932, 946 [overruled on another ground in *White v. Ultramar* (1999) 21 Cal.4th 563, 574 n. 4]), that is "regarded as atrocious and utterly intolerable in a civilized community," (*Melorich Builders, Inc. v. Superior Court* (1984) 160 Cal.App.3d 931, 936), or that "has gone beyond all reasonable bounds of decency." (*See Christensen v. Superior Court* (1991) 54 Cal.3d 868, 904-905.) Whether a defendant's conduct may reasonably be found to be outrageous is a question of law that must initially be determined by the court. (*Trerice v. Blue Cross of California* (1989) 209 Cal.App.3d 878, 883.)

Plaintiff has not pleaded the "outrageous conduct" element of IIED against the Individual Defendants, and thus this cause of action is subject to a motion to dismiss. Plaintiff makes a generalized statement that "[i]n doing the things alleged herein, Defendants engaged in outrageous and unprivileged conduct with reckless disregard of the probability of causing Plaintiff emotional distress." (FAC ¶ 84.) In the preceding 84 paragraphs, however, plaintiff has failed to allege *any* conduct on behalf of the Individual Defendants that creates individual liability. No purported action alleged against the Individual Defendants, constitutes behavior so extreme and outrageous as to go beyond all possible bounds of decency. Case law establishes that employee management efforts and personnel decisions do not constitute outrageous conduct. (*See Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 80 ["Managing personnel is not outrageous conduct beyond the bounds of human decency"]; *see also Helgeson v. Am. Int'l Group, Inc.* (S.D. Cal. 1999) 44 F.Supp.2d 1091, 1095 ["Performance reviews, counseling sessions, lay-off decisions, and work assignments are all decisions that businesses make every day * * * . Even if these decisions were improperly motivated, they fall far short of the necessary standard of outrageous conduct beyond all bounds of decency."].)

In paragraph 53 of the FAC, plaintiff alleges "[d]uring the course of the Coachella Project, SHOEMAKER repeatedly complained to higher management at BROSAMER, including, but not limited to, CULP, OTHEIN, POLEGARD [sic], and ESCOBEDO, of the aforementioned conduct,

including but not limited to, the harassment and discrimination to which she was subjected based on her sex, which conduct was unlawful in violation of FEHA and which SHOEMAKER reasonably believed to be unlawful." In the very next paragraph (¶ 54), plaintiff *admits* that action was taken with regard to defendant Culp: "CULP was eventually suspended from work as a result of his inappropriate, harassing, and/or discriminatory conduct at work."

In paragraph 59 of the FAC, plaintiff alleges a laundry list of violations by all defendants against plaintiff's rights including:

- failure to provide plaintiff with a safe work environment;
- failure to respond adequately or effectively to plaintiff's sexual harassment and/or discrimination complaints;
- failure to timely, thoroughly, and/or objectively investigate her complaints of harassment and discrimination; retaliating for her complaints;
- demoting, constructively discharging, and discriminating against plaintiff; failure to take appropriate action when "they" knew, or should have known, of the unlawful harassment, retaliation, discharge, and/or discrimination against plaintiff;
- failure to take remedial action against those who perpetrated, acquiesced and ratified, or ignored the alleged harassment, discrimination, and/or retaliation;
- failure to adopt and/or disseminate an effective anti-sexual harassment and/or discrimination policy; and,
- aiding and abetting each other in committing the forgoing alleged acts. (FAC ¶ 59.)

Again, none of these allegations constitute outrageous conduct for which an individual can be held accountable. (See *Janken, supra*, 46 Cal.App.4th 55, 80; see also *Helgeson v. Am. Int'l Group, Inc.* (S.D. Cal. 1999) 44 F.Supp.2d 1091, 1095.)

Likewise, none of the facts pleaded by plaintiff establish that the Individual Defendants acted with an intention to cause, or a reckless disregard toward causing emotional distress.

As a matter of law, the Eighth Cause of Action fails to state a claim against the Individual Defendants.

///

### 2. Intentional Infliction of Emotional Distress is Barred by Exclusivity of Workers' Compensation Act

Plaintiff's IIED claim also fails for a second reason – it is be barred by the exclusivity provision of the Workers' Compensation Act ("WCA"). Claims for emotional distress arising out of employer's conduct involving termination, promotions, demotions, criticism of work practices, and negotiations as to grievances are deemed "part of the normal risk of employment" and hence subject to the exclusive remedy provisions of the workers' compensation law. (*See Charles J. Vacanti, M.D., Inc. v. St. Comp. Ins. Fund* (2001) 24 Cal.4th 800, 814-815 [emotional distress caused by employer's abusive conduct during termination process held derivative of compensable workplace injury]; *see also Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160; *Schaffer v. GTE, Inc.* (9th Cir. 2002) 2002 WL 1354703, *3 [Plaintiff's cause of action for infliction of emotional distress failed because, "under California law, claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers' Compensation Act."].) Plaintiff's IIED claim is barred by WCA exclusivity. Plaintiffs Eighth Cause of Action for intentional infliction of emotional distress should be dismissed with prejudice as to the Individual Defendants.

### 3. Plaintiff's IIED claim is moot if the Fourth and Fifth Causes of Action are dismissed.

Plaintiff's infliction of emotional distress claims are dependent upon having a viable underlying cause of action against the Individual Defendants. Failure of the Fourth and Fifth Causes of Action against the Individual Defendants also requires the dismissal of the emotional distress claims. (*See Phillips, supra,* 63 Cal.App.4th at 576-577 [Validity of plaintiff's causes of action for wrongful infliction of emotional distress (intentional and negligent) were dependent upon having a viable cause of action for wrongful termination. Since the cause of action against the defendant supervisor for wrongful termination was dismissed, the trial court correctly sustained, without leave to amend, the supervisor's demurrer to the causes of action for infliction of emotional distress.].)

///

///

### D. Allegations Against Individual Defendants for Negligent Infliction of Emotional Distress Fail to State a Claim (Ninth Cause of Action).

#### 1. Plaintiff has failed to allege a breach of duty by Individual Defendants.

There is no independent tort of negligent infliction of emotional distress. (*Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1072 ["[t]he negligent causing of emotional distress is not an independent tort, but the tort of negligence."].) Rather, negligent infliction claims are a species of negligence. (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 984 ["there is no duty to avoid negligently causing emotional distress to another, and [ ] damages for emotional distress are recoverable only if the defendant has breached some other duty to the plaintiff."]; *Burgess, supra,* at 1072 ["The traditional elements of duty, breach of duty, causation, and damages apply. [¶] Whether a defendant owes a duty of care is a question of law. ."]; *Delfino v. Agilent Technologies, Inc.* (2007) 145 Cal.App.4th 790, 818).

In this case, plaintiff has not pleaded a viable basis for a negligence claim against the Individual Defendants. Plaintiff alleges that "Defendants breached the duty of care that they owed to Plaintiff to act in a reasonable manner and provide a workplace free of unlawful harassment, discrimination, and retaliation." (FAC ¶ 88.) *Employers,* not supervisors, owe a duty "to take all reasonable steps necessary to prevent discrimination and harassment." (Cal. Govt. Code §12940(k); *Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318, 1326 [[A] supervisory employee owes no duty to his or her subordinates to prevent sexual harassment in the workplace. That is a duty owed only by the employer. . . . a supervisory employee is not personally liable under the FEHA, as an aider and abettor of the harasser, [or] for failing to take action to prevent the sexual harassment of a subordinate employee."].) Plaintiff has failed to plead any conduct on behalf of the Individual Defendants to which individual liability attaches.

#### 2. Negligent infliction of emotional distress is barred by exclusivity of Workers' Compensation Act.

A claim for negligent infliction of emotional distress which arises in the context of an employment relationship is absolutely barred by the exclusivity doctrine. (*Schaffer v. GTE, Inc.* (9th Cir. 2002) 2002 WL 1354703, *3, citing *Cole, supra,* 43 Cal.3d at 233 [Plaintiff's cause of

action for negligent infliction of emotional distress failed because, "under California law, claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers' Compensation Act.].) Plaintiff's Ninth Cause of Action for negligent infliction of emotional distress should be dismissed with prejudice as to the Individual Defendants.

      3.    <u>Plaintiff's negligent infliction of emotional distress claim is moot if the Fourth and Fifth Causes of Action are dismissed.</u>

As set forth above in section C. 3., plaintiff's negligent infliction of emotional distress claim is also dependent upon having a viable cause of action against the Individual Defendants. Failure of the Fourth and Fifth Causes of Action against the Individual Defendants also requires the dismissal of the negligent infliction of emotional distress claim, without leave to amend. (*See Phillips, supra,* 63 Cal.App.4th at 576-577.)

IV.    <u>CONCLUSION</u>

Based on the foregoing, Defendants Polegar, Othein, and Escobedo respectfully request that the Fourth, Fifth, Eighth and Ninth Causes of Action be dismissed against them with prejudice.

Dated: July 18, 2008

                                    DILLINGHAM & MURPHY, LLP
                                    CARLA J. HARTLEY
                                    BARBARA L. HARRIS CHIANG

                      By:   /s/
                              Attorneys for Defendants
                              R & L BROSAMER, INC., GUY CULP, JOHN POLEGAR, SHAWN OTHEIN and JOSE ESCOBEDO

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.