1  DILLINGHAM & MURPHY, LLP
   CARLA J. HARTLEY (SBN 117213)
2  BARBARA L. HARRIS CHIANG (SBN 206892)
3  225 Bush Street, 6th Floor
   San Francisco, California 94104-4207
4  Telephone:     (415) 397-2700
   Facsimile:     (415) 397-3300
5
   Attorneys for Defendants
6  R & L BROSAMER, INC., GUY CULP, JOHN
   POLEGAR, SHAWN OTHEIN and JOSE
7  ESCOBEDO

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| 10 CHARLENE SHOEMAKER, an individual, | Case No. CV 08-3098 WDB |
| 11    Plaintiff, | **DECLARATION OF BARBARA L. HARRIS CHIANG IN SUPPORT OF DEFENDANTS POLEGAR, OTHEIN, AND ESCOBEDO'S MOTION TO DISMISS** |
| 12    v. | |
| 13 R & L BROSAMER, INC., a California corporation; GUY CULP, an individual; JOHN POLEGARD, an individual; SHAWN OTHEIN, an individual; JOSE ESCOBEDO, an individual; and DOES 1 through 120, inclusive, | Date:        September 24, 2008 Time:        1:30 p.m. Dept.:        Courtroom 4 |
| 16    Defendants. | Magistrate Judge Wayne D. Brazil |

18    I, BARBARA L. HARRIS CHIANG, declare under penalty of perjury that the following is

19 true and correct of my personal knowledge.

20    1.    I am an attorney at the firm of Dillingham & Murphy, LLP, attorneys for

21 Defendants R & L Brosamer, Inc., Guy Culp, John Polegar, Shawn Othein and Jose Escobedo.  If

22 called upon to testify as to the matters set forth herein, I could and would do so competently.

23    2.    Attached hereto as Exhibit A is a true and correct copy of Plaintiff's First Amended

24 Complaint filed in the Superior Court of California, County of Contra Costa on April 24, 2008.

25 ///

26 ///

27 ///

28 ///

1    I declare under penalty of perjury under the laws of the State of California and the United

2    States that the foregoing is true and correct.  Executed this 18th day of July 2007, at San Francisco,

3    California.

4

5    /s/ _____
     BARBARA L. HARRIS CHIANG

6    I hereby attest that I have on file all holograph signatures for any signatures indicated by a

7    "conformed" signature (/s/) within this efiled document.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I declare under penalty of perjury under the laws of the State of California and the United

2    States that the foregoing is true and correct.  Executed this 18th day of July 2007, at San Francisco,

3    California.

4

5    /s/ *Barbara L. Harris Chiang*
     BARBARA L. HARRIS CHIANG

6    I hereby attest that I have on file all holograph signatures for any signatures indicated by a

7    "conformed" signature (/s/) within this efiled document.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 2 - Case No. CV 08-3098 WDB
DECLARATION OF BARBARA L. HARRIS CHIANG IN SUPPORT OF DEFENDANTS POLEGAR, OTHEIN,
AND ESCOBEDO'S MOTION TO DISMISS

Exhibit A

1  **SOFIAN DAWOOD 250363**
**LAW OFFICES OF SOFIAN SOLOMON DAWOOD**
2  7170 N. Financial Suite 101
Fresno, California 93720
3  Telephone:  (559) 447-8768
Facsimile:  (559) 447-8765
4

5  Attorneys for Plaintiff
CHARLENE SHOEMAKER
6

**F I L E D**

APR 2 4 2008

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ **D. WAGNER**
, Deputy Clerk

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **IN AND FOR THE COUNTY OF CONTRA COSTA**

9                      **UNLIMITED CIVIL DIVISION**

10                              **\* \* \***

11  CHARLENE SHOEMAKER, an individual, )       **Case No.  08-00913**
                                       )
12                                     )
              Plaintiff,               )       ***FIRST AMENDED* COMPLAINT FOR**
13                                     )       **DAMAGES FOR:**
      vs.                              )
14                                     )       **(1) UNLAWFUL HARASSMENT BASED ON**
                                       )       **SEX IN VIOLATION OF CALIFORNIA**
15  R & L BROSAMER, INC., a California )       **GOVERNMENT CODE SECTION 12940, *ET***
    corporation: GUY CULP, an individual; )    ***SEQ.*; (2) UNLAWFUL DISCRIMINATION**
16  JOHN POLOGAR`, an individual;       )       **IN PAY BASED ON SEX IN VIOLATION OF**
    SHAWN OTHEIN, an individual; JOSE   )       **CALIFORNIA LABOR CODE § 1197.5; (3)**
17  ESCOBEDO, an individual; and DOES 1 )       **UNLAWFUL DISCRIMINATION BASED**
    through 120, inclusive,            )       **ON SEX IN VIOLATION OF CALIFORNIA**
18                                     )       **GOVERNMENT CODE SECTION 12940, *ET***
                                       )       ***SEQ.*; (4) UNLAWFUL RETALIATION IN**
19              Defendants.            )       **VIOLATION OF CALIFORNIA**
                                       )       **GOVERNMENT CODE SECTION 12940, *ET***
20                                     )       ***SEQ.*; (5) WRONGFUL TERMINATION**
                                       )       **AND RETALIATION IN VIOLATION OF**
21                                     )       **PUBLIC POLICY; (6) ASSAULT;**
                                       )       **(7) BATTERY; (8) INTENTIONAL**
22                                     )       **INFLICTION OF EMOTIONAL DISTRESS;**
                                       )       **(9) NEGLIGENT INFLICTION OF**
23                                     )       **EMOTIONAL DISTRESS; (10) NEGLIGENT**
                                       )       **HIRING OF GUY CULP; (11) NEGLIGENT**
24                                     )       **RETENTION OF GUY CULP; (12)**
                                       )       **RECOVERY OF UNPAID WAGES,**
25                                     )       **INCLUDING OVERTIME**
                                       )       **COMPENSATION; AND (13) RECOVERY**
26                                     )       **OF WAITING TIME PENALTIES**
                                       )
27                                     )

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

28  ///

                                    1
                    ***FIRST AMENDED* COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff CHARLENE SHOEMAKER (hereinafter referred to as "Plaintiff" or "SHOEMAKER"), alleging for her *First Amended* Complaint as follows:

## I.

## GENERAL ALLEGATIONS

1.      SHOEMAKER is an adult female residing at all times alleged herein in the State of California.

2.      Plaintiff is informed and believes, and thereon alleges, that Defendant R & L BROSAMER, INC. ("BROSAMER" or the "Company") is a California corporation with its principal place of business in the City of Walnut Creek, County of Contra Costa, State of California.  At all times alleged herein, BROSAMER was an employer as defined in California Government Code section 12926(d) and within the meaning of the California Fair Employment and Housing Act ("FEHA").

3.      Plaintiff is informed and believes, and thereon alleges, that Defendant GUY CULP ("CULP") is an individual residing in the State of California who, at all times alleged herein, is and was employed as a paving superintendent at BROSAMER.  CULP was, at all times alleged herein, a managing agent of BROSAMER and had both direct and indirect supervisory authority over SHOEMAKER and was her actual and/or ostensible supervisor within the meaning of California Government Code section 12926, subdivision (r).  At all times alleged herein, CULP was acting, at least in part, in the course and scope of his employment with BROSAMER and with the permission, consent, and knowledge of BROSAMER. BROSAMER and other managing agents aided, abetted, authorized, condoned, conspired with, and/or ratified the acts of CULP alleged herein.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant JOHN POLEGARD ("POLEGARD") is an individual residing in the State of California who, at all times alleged herein, is and was employed as a Southern Area Manager at BROSAMER. POLEGARD was, at all times alleged herein, a managing agent of BROSAMER and had both direct and indirect supervisory authority over SHOEMAKER and was her actual and/or ostensible supervisor within the meaning of California Government Code section 12926,

Law Offices of Sofian
Solomon Dawood
7170 N Financial Drive,
Suite 101
Fresno, CA 93720

2

***FIRST AMENDED* COMPLAINT FOR DAMAGES**

subdivision (r). At all times alleged herein, POLEGARD was acting, at least in part, in the course and scope of his employment with BROSAMER and with the permission, consent, and knowledge of BROSAMER. BROSAMER and other managing agents aided, abetted, authorized, condoned, conspired with, and/or ratified the acts of POLEGARD alleged herein.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant SHAWN OTHEIN ("OTHEIN") is an individual residing in the State of California who, at all times alleged herein, is and was employed as a Project/Equal Employment Opportunity Manager ("Project/EEO Manager") at BROSAMER. OTHEIN was, at all times alleged herein, a managing agent of BROSAMER and had both direct and indirect supervisory authority over SHOEMAKER and was her actual and/or ostensible supervisor within the meaning of California Government Code section 12926, subdivision (r). At all times alleged herein, OTHEIN was acting, at least in part, in the course and scope of his employment with BROSAMER and with the permission, consent, and knowledge of BROSAMER. BROSAMER and other managing agents aided, abetted, authorized, condoned, conspired with, and/or ratified the acts of OTHEIN alleged herein.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant JOSE ESCOBEDO ("ESCOBEDO") is an individual residing in the State of California who, at all times alleged herein, is and was employed as an Equal Employment Opportunity Officer ("EEO Officer") at BROSAMER. ESCOBEDO was, at all times alleged herein, a managing agent of BROSAMER and had both direct and indirect supervisory authority over SHOEMAKER and was her actual and/or ostensible supervisor within the meaning of California Government Code section 12926, subdivision (r). At all times alleged herein, ESCOBEDO was acting, at least in part, in the course and scope of his employment with BROSAMER and with the permission, consent, and knowledge of BROSAMER. BROSAMER and other managing agents aided, abetted, authorized, condoned, conspired with, and/or ratified the acts of ESCOBEDO alleged herein.

7. At all relevant times herein, SHOEMAKER was an employee of BROSAMER, said employment having commenced in or about May of 2003 and having

Law Offices of Sofian
Solomon Dawood
7170 N Financial Drive,
Suite 101
Fresno, CA 93720

*FIRST AMENDED* COMPLAINT FOR DAMAGES

1  continued intermittently since said date until her constructive discharge, as set forth below.  At

2  all times mentioned herein, SHOEMAKER was duly qualified to perform, and did perform, her

3  employment duties in a satisfactory manner.

4          8.      This action is brought in part to remedy discrimination and harassment

5  against SHOEMAKER on the basis of sex, in the terms, conditions, and privileges of

6  employment; and, to remedy retaliation against Plaintiff for activity protected under, and in

7  violation of, California Government Code section 12900, *et seq.*  This action is also brought to

8  remedy discrimination, harassment, and retaliation against SHOEMAKER on the basis of her

9  opposition to the Company's illegal and/or unethical conduct, as well as on the basis of her

10  complaints of, and opposition to, sexual harassment in the workplace and in the terms,

11  conditions, and privileges of employment, and to remedy retaliation against Plaintiff for activity

12  protected under, and in violation of, California Government Code section 12900, *et. seq.*

13          9.      SHOEMAKER timely filed charges of discrimination, harassment, and

14  retaliation with the Department of Fair Employment and Housing (DFEH) against Defendants,

15  true and correct copies of which are attached hereto collectively as Exhibit "A" and incorporated

16  herein by this reference.

17          10.     SHOEMAKER received her Right to Sue letters from the DFEH with

18  respect to the above complaints submitted thereto, true and correct copies of which are attached

19  hereto collectively as Exhibit "B" and incorporated herein by this reference.

20          11.     SHOEMAKER has complied with all prerequisites to jurisdiction of this

21  Court under California Government Code section 12900, *et seq.* and has, therefore, exhausted

22  her administrative remedies.

23          12.     Venue is proper in this County because it is the county in which

24  BROSAMER's principal place of business in located.

25          13.     The true names and capacities of the defendants named herein as DOES 1

26  through 120, inclusive, whether an individual, corporation or otherwise, are unknown to the

27  Plaintiff who, therefore, sues such defendants by fictitious names pursuant to Code of Civil

28  Procedure Section 474.  Alternatively, such DOE Defendants are persons whose identities are

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

*FIRST AMENDED* COMPLAINT FOR DAMAGES

1  known to Plaintiff, but about whom sufficient facts are not known that would support the

2  assertion by Plaintiff of a civil claim at this time.  When Plaintiff obtains information supporting

3  a claim against any DOE Defendant, she will seek leave to amend this Complaint and will assert

4  appropriate charging allegations.

5          14.    BROSAMER, CULP, POLEGARD, OTHEIN, ESCOBEDO, and the

6  DOE Defendants may hereinafter sometimes be referred to collectively as "Defendants."

7          15.    Plaintiff is informed and believes, and thereon alleges, that defendants,

8  and each of them, are the agents, employees, shareholders, and/or parent, subsidiary, or sister

9  corporations of each other and are responsible for the acts complained of herein and in so acting

10  were functioning as the owner, shareholder, principal, agent, servant, partner, joint venturer,

11  alter-ego, employee, proxy, and/or managing agent of the other defendants herein, and in

12  performing the acts mentioned herein were acting, at least in part, within the course and scope of

13  such authority and with the permission and consent of the other defendants.

14          16.    Plaintiff is informed and believes, and thereon alleges, that the above

15  defendants, managing agents, and supervisors, aided, abetted, condoned, permitted, approved,

16  authorized, and/or ratified the unlawful acts described herein.

17                                      **II.**

18                         **BACKGROUND ALLEGATIONS**

19          17.    SHOEMAKER commenced employment with BROSAMER in or about

20  May of 2003 and continued to work for BROSAMER intermittently thereafter until the time of

21  her constructive discharge in or about September of 2006.  SHOEMAKER was initially hired as

22  a laborer but was subsequently promoted to the position of foreman.

23          18.    Plaintiff is informed and believes, and thereon alleges, that in or about

24  January of 2006, CULP was interviewed and hired by Bob Brosamer, one of the owners of

25  BROSAMER, as a paving superintendent.  Plaintiff is further informed and believes, and thereon

26  alleges, that immediately thereafter, CULP was assigned to be the paving superintendent of the

27  project about to commence at a canal located in Coachella, California (the "Coachella Project").

28  ///

Law Offices of Sofian
Solomon Dawood
7170 N Financial Drive,
Suite 101
Fresno, CA 93720

1 | CULP was given control and supervision over the BROSAMER employees assigned to work on
2 | the Coachella Project.

3 |     19.    In or about February of 2006, work on the Coachella Project commenced.
4 | The Coachella Project was completed on or about August 4, 2006. From the commencement to
5 | the completion of the Coachella Project, SHOEMAKER worked on said project and, at all times,
6 | was under the direction and supervision of CULP. It was during such time that the unlawful acts
7 | alleged herein, including unlawful harassment and discrimination based on sex and unlawful
8 | retaliation, took place.

9 |     20.    SHOEMAKER was constructively discharged from her employment with
10 | BROSAMER in or about September of 2006.

11 | **FIRST CAUSE OF ACTION**

12 | **UNLAWFUL HARASSMENT BASED ON SEX IN VIOLATION OF CALIFORNIA**

13 | **GOVERNMENT CODE SECTION 12940, *ET SEQ*.**

14 | **(Plaintiff Against BROSAMER, CULP, and DOES 1-10)**

15 |     21.    The allegations contained in paragraphs 1 through 20 are incorporated
16 | herein by this reference and re-alleged as though fully set forth herein.

17 |     22.    California Government Code section 12940 provides in pertinent part as
18 | follows:

19 |     It shall be an unlawful employment practice . . . (j) (1) For an
20 | employer... or any other person, because of . . . sex . . . to harass
    an employee . . . . An entity shall take all reasonable steps to
21 | prevent harassment from occurring.

22 |     23.    Plaintiff was, at all times relevant herein, an "employee" as defined within
23 | California Government Code section 12926 and was, therefore, a member of the group sought to
24 | be protected by the provisions of California Government Code section 12940, *et seq.*

25 |     24.    BROSAMER is and was, at all times relevant herein, an "employer"
26 | within the meaning of California Government Code section 12940(j)(4)(A) and, as such, was and
27 | is barred from harassing employees on the bases prohibited in said section.
28 | ///

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

*FIRST AMENDED* COMPLAINT FOR DAMAGES

25.    During the time SHOEMAKER was employed by BROSAMER, she was subjected to unlawful harassment based on sex.  Specifically, she was subjected to unwelcome and unsolicited offensive, sexually oriented and/or gender-based, explicit and implicit verbal, visual, physical, and physically threatening conduct by CULP that took place during and throughout the course of the Coachella Project.  Such conduct took a variety of forms, including, but not limited to, the following:

a.    In or about March of 2006, CULP brought a rope to the jobsite of the Coachella Project.  Over the course of approximately two (2) days, CULP repeatedly assaulted, harassed, battered, and terrified employees with the rope, including, but not limited to, lassoing certain employees, specifically including SHOEMAKER.  When CULP lassoed SHOEMAKER, she almost fell into the canal;

b.    Approximately one (1) week later, CULP brought a whip to the jobsite of the Coachella Project.  SHOEMAKER witnessed CULP terrify, assault, harass, and intimidate other BROSAMER employees by means of snapping a whip at said employees at the job site over a two (2)-day period of time.

c.    SHOEMAKER witnessed, on at least two (2) separate occasions, CULP, without invitation, announcement, or authorization, throw rocks at a male employee's crotch while said employee's hands were occupied in such a manner that he was helpless and precluded from protecting himself;

d.    SHOEMAKER witnessed, on at least three (3) occasions, CULP, without invitation, announcement, or authorization, forcibly simulate anal intercourse with a male employee;

e.    On approximately three (3) to four (4) occasions during the course of the Coachella Project, CULP, while standing behind SHOEMAKER and without prior invitation, announcement, or authorization, hugged SHOEMAKER from behind and forcibly simulated anal intercourse with her;

///

///

Law Offices of Sofian
Solomon Dawood
7170 N. FINANCIAL DRIVE,
SUITE 101
FRESNO, CA 93720

1          f.     On approximately two (2) occasions while working on the

2  Coachella Project, CULP, without prior invitation, announcement, or authorization, grabbed

3  SHOEMAKER's breasts;

4          g.    During the course of the Coachella Project, CULP would follow

5  and/or chase SHOEMAKER in his truck while she was driving along the canal in her truck at

6  nighttime. CULP did this in such a manner as to intimidate SHOEMAKER and cause her to be

7  afraid. CULP would occasionally pull his truck over behind SHOEMAKER's truck at nighttime

8  and, on one occasion, even ran his truck into hers. As a result of this conduct, SHOEMAKER

9  became afraid to drive her truck along the canal roads at nighttime; and

10          h.    SHOEMAKER regularly and continuously heard CULP make

11  comments or jokes that were gender-based and derogatory toward women, as well as comments

12  or jokes that were sexual in content and/or were vulgar.

13         26.    The aforementioned behavior, conduct, comments, and harassment toward

14  Plaintiff and others, including fellow employees of BROSAMER, created a work environment

15  that was intimidating, hostile, oppressive, abusive, derogatory toward females, and offensive to

16  Plaintiff and that had the effect of altering the conditions of Plaintiff's employment at

17  BROSAMER, thereby depriving Plaintiff of the benefit of a harassment-free work environment,

18  all in violation of California Government Code section 12940, *et seq.*

19         27.    BROSAMER further violated Plaintiff's rights in that it, amongst other

20  acts and/or omissions:

21          a.    Failed to provide Plaintiff with employment conditions and an

22  employment relationship where she could safely and comfortably work, free from physically

23  threatening, visual, and/or verbal harassment based on sex;

24          b.    Failed to respond adequately and/or effectively to Plaintiff's

25  complaints of sexual harassment;

26          c.    Failed to timely, thoroughly, and/or objectively investigate

27  Plaintiff's complaints of sexual harassment;

28  ///

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

***FIRST AMENDED* COMPLAINT FOR DAMAGES**

d.    Retaliated against Plaintiff for her complaint of and/or opposition to sexual harassment in the workplace, as set forth more particularly below;

e.    Failed to take appropriate action when they knew or should have known of the unlawful sexual harassment of and/or retaliation against Plaintiff;

f.    Failed to take appropriate and/or effective remedial action against those who perpetrated, acquiesced and ratified, or ignored the unlawful sexual harassment of Plaintiff and retaliated against Plaintiff;

g.    Failed to adhere to and/or enforce an effective anti-sexual harassment policy with respect to management, supervisors, staff, and employees; and

h.    Aided and abetted in the commission of the above wrongful acts.

28.    As a direct and proximate result of Defendants' unlawful conduct and employment practices, Plaintiff has suffered interference with her employment responsibilities, the indignity of harassment, the invasion of her rights to be free from harassment, the invasion of her emotional tranquility, loss of self-esteem and grave humiliation, which are, or have been, manifested as emotional distress and mental suffering, as well as physical manifestations of her emotional distress.

29.    As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, severe anxiety, painful embarrassment among friends, family, and co-workers, disruption of her personal life, and loss of enjoyment of many of the ordinary pleasures of her everyday life.

30.    In performing the acts and/or failing to perform the acts alleged hereinabove, Defendants, and each of them, acted with malice toward Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed to Plaintiff by the State of California. As such, Defendants are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

31.    California Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. California

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

9

Government Code section 12965, subsection (b), provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiff has retained attorneys for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

## SECOND CAUSE OF ACTION

### UNLAWFUL DISCRIMINATION IN PAY BASED ON SEX IN VIOLATION OF

### CALIFORNIA LABOR CODE § 1197.5

### (Plaintiff Against BROSAMER and DOES 11-20)

32. The allegations contained in paragraphs 1 through 31 are incorporated herein by this reference and re-alleged as though fully set forth herein.

33. California Labor Code section 1197.5 provides in pertinent part as follows:

> No employer shall pay any individual in the employer's employ at wage rates less than the rates paid to employees of the opposite sex in the same establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

34. Almost immediately following commencement of the Coachella Project, SHOEMAKER was promoted to the position of "foreman." As a foreman, SHOEMAKER was paid a daily premium rate of $25.00 in addition to her hourly wages. However, male foremen at BROSAMER who performed equal work on jobs that required the same amount of skill, effort, and responsibility and were performed under similar working conditions were paid a daily premium rate of $50.00 in addition to their hourly wages earned. Moreover, on or about June 4, 2006, the male foremen were given a raise in their daily premium pay from the amount of $50.00 to $65.00. However, SHOEMAKER's daily premium pay as a foreman was not increased and remained at $25.00 throughout the duration of her time as a foreman with BROSAMER. SHOEMAKER is informed and believes, and thereon alleges, that she received a lower daily premium pay as a foreman because she was female.

///

Law Offices of Sofian Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

35. Plaintiff is informed and believes, and thereon alleges, that BROSAMER failed and refused to pay her the amount of the difference in the pay she received as a foreman and the pay her male co-workers received as foremen ("Pay Variance") and, in so doing, violated California Labor Code § 1197.5.

36. Plaintiff is further informed and believes, and thereon alleges, that BROSAMER's violation of California Labor Code § 1197.5 was willful in that, among other things, Plaintiff brought the Pay Variance to the attention of BROSAMER management while she was still employed at BROSAMER. Nevertheless, BROSAMER continued to pay SHOEMAKER a lower daily premium as a foreman than that paid to its male foremen.

37. Pursuant to California Labor Code section 1197.5, SHOEMAKER is entitled to the amount of the Pay Variance, plus interest thereon, plus "liquidated damages" in an amount equal to the Pay Variance.

38. California Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. California Labor Code section 1197.5, subsection (g), provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiff has retained attorneys for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

### THIRD CAUSE OF ACTION

### UNLAWFUL DISCRIMINATION IN VIOLATION OF CALIFORNIA

### GOVERNMENT CODE § 12940, *ET SEQ.*

### (Plaintiff Against BROSAMER and DOES 21-30)

39. The allegations contained in paragraphs 1 through 38 are incorporated herein by this reference and re-alleged as though fully set forth herein.

40. California Government Code section 12940 provides in pertinent part as follows:

> It shall be an unlawful employment practice . . . (a) For an employer, because of . . . sex . . . to discharge the person from employment . . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

11

41.     Plaintiff was, at all times relevant herein, an "employee" as defined within California Government Code section 12926 and was, therefore, a member of the group sought to be protected by the provisions of California Government Code section 12940, *et seq.*

42.     BROSAMER is and was, at all times relevant herein, an "employer" within the meaning of California Government Code section 12940(j)(4)(A) and, as such, was and is barred from discriminating against employees on the bases prohibited in said section.

43.     During the time SHOEMAKER was employed by BROSAMER, she was subjected to unlawful discrimination based on sex.  Specifically, she was discriminated against in compensation, as well as in the terms, conditions, and privileges of employment at BROSAMER because she was female.  Such discrimination took a variety of forms, including, but not limited to, the following:

a.     As a female, SHOEMAKER was denied equal pay and was paid a lower daily premium rate of pay as a foreman than her male co-workers in equivalent positions were paid, as more specifically alleged above;

b.     As a female, SHOEMAKER was denied a raise in her daily premium rate of pay as a foreman when her male co-workers in equivalent positions were given such a raise;

c.     In or about August of 2006, SHOEMAKER was demoted from her position as a foreman to that of a laborer.  SHOEMAKER is informed and believes, and thereon alleges, that she was demoted, at least in part, because she was female; and

d.     In or about September of 2006, SHOEMAKER was constructively discharged from her employment at BROSAMER, as more specifically detailed below.

44.     The aforementioned behavior, actions, omissions, conduct, comments, discharge, and discrimination committed by BROSAMER and its agents, representatives, and employees against Plaintiff on the basis of her sex deprived Plaintiff of the benefit of a discrimination-free work environment, all in violation of California Government Code section 12940, *et seq.*

///

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

45.    As a direct and proximate result of Defendants' unlawful conduct and employment practices, Plaintiff suffered interference with her employment responsibilities, the indignity of harassment, the invasion of her rights to be free from harassment, the invasion of her emotional tranquility, loss of self-esteem and grave humiliation, which are, or have been, manifested as emotional distress and mental suffering, as well as physical manifestations of her emotional distress.

46.    As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, severe anxiety, painful embarrassment among friends, family, and co-workers, disruption of her personal life, and loss of enjoyment of many of the ordinary pleasures of her everyday life.

47.    In performing the acts and/or failing to perform the acts alleged hereinabove, BROSAMER, and its agents, representatives, and employees, acted with malice toward Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed to Plaintiff by the State of California.    As such, Defendants are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

48.    California Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute.  California Government Code section 12965, subsection (b), provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court.  Plaintiff has retained attorneys for the prosecution of this action.  As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

## FOURTH CAUSE OF ACTION

### UNLAWFUL RETALIATION IN EMPLOYMENT IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940, *ET SEQ.*

### (Plaintiff Against All Defendants and DOES 31-40)

49.    The allegations contained in paragraphs 1 through 48 are incorporated herein by this reference and re-alleged as though fully set forth herein.

Law Offices of Soflan
Solomon Dawood
7170 N Financial Drive,
Suite 101
Fresno, CA 93720

13

*FIRST AMENDED* COMPLAINT FOR DAMAGES

50.    California Government Code section 12940 provides in pertinent part as follows:

It shall be an unlawful employment practice . . . (h) for any employer . . . or person . . . to harass . . . to discharge, expel or otherwise discriminate against any person because the person has opposed any practices forbidden under this part, or because the person has filed a complaint, testified or assisted in any proceeding under this part. (i) For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this part, or attempt to do so.

51.    Plaintiff was, at all times relevant to this Complaint, an employee as defined by California Government Code section 12940, which prohibits any employer or person from harassing, discharging, expelling, or otherwise discriminating (i.e., "retaliating") against anyone because he or she opposes the practices made illegal by California Government Code section 12940, et *seq.* and was, therefore, a member of the group sought to be protected by the statute.

52.    Defendants were, at all times herein, employers and/or persons within the meaning of California Government Code section 12940(j)(4)(A) and, as such, are barred from discriminating in employment decisions, harassing, or discharging an employee because that employee opposed practices that are made illegal under FEHA.

53.    During the course of the Coachella Project, SHOEMAKER repeatedly complained to higher management at BROSAMER, including, but not limited to, CULP, OTHEIN, POLEGARD, and ESCOBEDO, of the aforementioned conduct, including, but not limited to, the harassment and discrimination to which she was subjected based on her sex, which conduct was unlawful in violation of FEHA and which SHOEMAKER reasonably believed to be unlawful.

54.    Plaintiff is informed and believes, and thereafter alleges, that CULP was eventually suspended from work as a result of his inappropriate, harassing, and/or discriminatory conduct at work. However, following said suspension, CULP returned to the Coachella Project and remained in the position of paving superintendent, where he continued to have direct supervisory control over SHOEMAKER and other employees. Following his return, CULP

Law Offices of Sofian
Solomon Dawood
7170 N Financial Drive,
Suite 101
Fresno, CA 93720

1  continued to engage in the same type of harassing conduct as before, including, but not limited
2  to, throwing rocks at an employee in the crotch.  In addition, following CULP's return from said
3  suspension, he followed and/or chased SHOEMAKER in her truck along the canal at the
4  Coachella Project jobsite, as more specifically described above.  Also following CULP's return
5  from said suspension, he attempted to alienate SHOEMAKER from the other members of the
6  crew by instructing them not to communicate with her.  SHOEMAKER is informed and believes,
7  and thereon alleges, that said actions of CULP were retaliatory in nature and that said harassment
8  and/or discrimination against her increased because she had complained about and opposed
9  CULP's unlawful conduct.

10         55.      Approximately six (6) weeks following CULP's return from his
11  suspension, the Coachella Poject ended.  Following completion of the Coachella Project, CULP
12  went to work as the paving superintendent of a project in San Jose, California (the "San Jose
13  Project").

14         56.      Based on Plaintiff's past experience in working for BROSAMER, Plaintiff
15  is informed and believes, and thereon alleges, that the ordinary practice of BROSAMER upon
16  completion of a project would be to transfer most, if not all, of the crew who worked on the
17  completed project to the project where the paving superintendent of the completed project was
18  being transferred.  However, SHOEMAKER was not transferred to work on the San Jose Project.
19  Plaintiff is informed and believes, and thereon alleges, that no member of the crew who worked
20  on the Coachella Project was transferred to work on the San Jose Project.    Although
21  BROSAMER proffered that a crew was already in place to work on the San Jose Project,
22  Plaintiff is informed and believes, and thereon alleges, that this proffered reason was merely a
23  pretext and that the real reason for which SHOEMAKER was not transferred to work on the San
24  Jose Project was because SHOEMAKER had complained about and opposed the unlawful
25  practices set forth herein, which SHOEMAKER reasonably believed to be, and which were, in
26  violation of FEHA.  With respect to the entire crew from the Coachella Project, Plaintiff is
27  informed and believes, and thereon alleges, that said crew was not transferred to work on the San
28  Jose Project because the members had knowledge of the unlawful conduct that had taken place

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

15

***FIRST AMENDED* COMPLAINT FOR DAMAGES**

1    on the Coachella Project jobsite with respect to SHOEMAKER and other employees, as alleged

2    herein.

3       57.   As a result of not being transferred to work on the San Jose Project,

4    SHOEMAKER was assigned by BROSAMER to the task of working in the yard.  At this time,

5    SHOEMAKER was demoted from her position as a foreman.  SHOEMAKER is informed and

6    believes, and thereon alleges, that said demotion was, at least in part, due to the fact that

7    SHOEMAKER had complained about, and opposed, conduct that she reasonably believed to be

8    unlawful under FEHA.  While assigned to the task of working in the yard, SHOEMAKER

9    earned a lower wage than she had earned during the course of the Coachella Project.  She was

10   also scheduled to work fewer hours, and the task of working in the yard was far less desirable

11   than working on a paving project, such as the Coachella Project or the San Jose Project.  As a

12   result of these factors, SHOEMAKER was forced to quit her employment with BROSAMER and

13   seek employment elsewhere, which constituted a constructive discharge.

14      58.   The aforesaid acts, conduct, behavior, discharge and discrimination

15   committed by Defendants and their agents, representatives, and employees, against Plaintiff on

16   the basis of Plaintiff's opposition to and complaints about practices made illegal by California

17   Government Code section 12940, et *seq.*, which Plaintiff reasonably believed to be illegal, such

18   as, but not limited to, the unlawful harassment and/or discrimination of Plaintiff and/or other

19   employees of BROSAMER, including, but not limited to, Plaintiff's demotion and constructive

20   discharge of employment, as well as increased harassment and/or other inappropriate and

21   outrageous conduct directed toward Plaintiff, created a work environment that was intimidating,

22   hostile, oppressive, abusive, and offensive to Plaintiff, and had the effect of altering the

23   conditions of Plaintiff 's employment with the Company, thereby depriving Plaintiff of the

24   benefit of a harassment-free, discrimination-free, and retaliation-free work environment, all in

25   violation of California Government Code section 12940, et *seq.*

Law Offices of Sofian
Solomon Dawood
7170 N. FINANCIAL DRIVE,
SUITE 101
FRESNO, CA 93720

26   ///

27   ///

28   ///

*FIRST AMENDED* **COMPLAINT FOR DAMAGES**

59.     Defendants further violated Plaintiff's rights in that they, amongst other acts and/ or omissions:

a.     Failed to provide Plaintiff with employment conditions and a relationship where she could safely work, free from physically threatening, visual, and/or verbal harassment and/or discrimination;

b.     Failed to respond adequately or effectively to Plaintiff's complaints of reasonably perceived sexual harassment and/or discrimination;

c.     Failed to timely, thoroughly, and/or objectively investigate Plaintiff's complaints of reasonably perceived sexual harassment and/or discrimination;

d.     Retaliated against Plaintiff for her complaints of and/or opposition to reasonably perceived unlawful harassment and/or discrimination in the workplace;

e.     Demoted, constructively discharged, and discriminated against Plaintiff for her complaints of and opposition to reasonably perceived unlawful harassment and/or discrimination in the workplace;

f.     Failed to take appropriate action when they knew, or should have known, of the unlawful harassment of, retaliation against, discharge, and/or discrimination against Plaintiff;

g.     Failed to take appropriate and/or effective remedial action against those who perpetrated, acquiesced and ratified, or ignored the unlawful harassment and/or discrimination of Plaintiff and retaliated, discharged, and/or discriminated against Plaintiff;

h.     Failed to adopt and/or disseminate, adhere to, or enforce an effective anti-sexual harassment and/or discrimination policy with respect to management, supervisors, staff, and employees; and

i.     Aided and abetted each other in committing these wrongful acts.

60.     As a further direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered interference with her employment responsibilities, the indignity of discrimination, the invasion of her right to be free from discrimination, the invasion of her emotional tranquility, loss of self-esteem and grave humiliation, which are, or

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

*FIRST AMENDED* COMPLAINT FOR DAMAGES

1 | have been, manifested as emotional distress and mental suffering and physical manifestations of
2 | his emotional distress.

3 |       61.      As a further direct and proximate result of said unlawful employment
4 | practices, Plaintiff has suffered mental anguish, outrage, severe anxiety about her future and her
5 | ability to support herself and her family, the potential of harm to her employability and earning
6 | capacity, painful embarrassment among friends, family and co-workers, disruption of her
7 | personal life, and loss of enjoyment of many of the ordinary pleasures of her everyday life.

8 |       62.      In doing the acts and/or failing to do the acts alleged hereinabove, the
9 | Defendants and each of them, engaged in discriminatory acts and conduct with malice toward
10 | Plaintiff and/or a reckless indifference to her statutorily protected rights and in a conscious
11 | disregard of the rights, both statutory and common law, guaranteed to Plaintiff by the State of
12 | California. As such, Defendants are guilty of oppression and malice for which Plaintiff is
13 | entitled to punitive damages, in an amount to be proven at trial.

14 |       63.      California Code of Civil Procedure section 1021 provides that attorneys'
15 | fees are recoverable in an action for which they are specifically provided by statute. Government
16 | Code section 12965(b) provides that reasonable attorneys' fees and costs are recoverable herein
17 | by the prevailing party, within the discretion of the court. Plaintiff has retained attorneys for the
18 | prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and
19 | costs herein incurred.

20 | **FIFTH CAUSE OF ACTION**
21 | **WRONGFUL TERMINATION AND RETALIATION IN VIOLATION OF PUBLIC**
22 | **POLICY**
23 | **(Plaintiff Against All Defendants and DOES 41-50)**

24 |       64.      The allegations contained in paragraphs 1 through 63 are incorporated
25 | herein by this reference and re-alleged as though fully set forth herein.

26 |       65.      At all times mentioned herein, California Government Code section 12940
27 | was in full force and effect and was binding on Defendants. Said section requires Defendants to
28 | refrain from retaliating against any employee, such as by discharging such employee and/or

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

*FIRST AMENDED* COMPLAINT FOR DAMAGES

otherwise discriminating against such employee, on the basis of his or her opposition to the practices forbidden, or reasonably perceived as forbidden, by California Government Code section 12940, et *seq.* or participation in a complaint of such unlawful practices. In addition, at all times relevant hereto, California Labor Code section 1102.5 (the California "Whistleblower Statute") was and is in full force and effect. Said statute prohibits employers from retaliating against employees for reporting information that discloses what the employee reasonably believes to be a violation of, or non-compliance with, a state and/or federal statute or regulation (i.e., a violation of FEHA or parallel federal laws).

66.    Plaintiff believes, and thereon alleges, that her opposition to, reports of, and complaints about practices made unlawful under California Government Code section 12940, et *seq.* and California Labor Code section 1197.5, which Plaintiff reasonably believed to be unlawful thereunder, were factors in Defendants' hostility towards and retaliation against Plaintiff, including Defendants' demotion of Plaintiff and failure to transfer and/or assign Plaintiff to the San Jose Project and to transfer her to work in the yard instead, which ultimately culminated in Plaintiff's constructive discharge of employment. Such retaliation is in violation of California Government Code section 12940, et *seq.*, as well as the whistleblower protections provided in, among other California statutes, California Labor Code section 1102, et *seq.*, and has resulted in damages and harm to Plaintiff as alleged herein.

67.    As a proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, as alleged herein, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and/or other employment benefits in an amount according to proof at trial.

68.    As a further proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, as alleged herein, Plaintiff has suffered, and will continue to suffer, humiliation, emotional distress, mental and physical pain and anguish, and the manifestations thereof, all to her damage in an amount according to proof at trial.

///

Law Offices of Sofian Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

**FIRST AMENDED** COMPLAINT FOR DAMAGES

1    69.    Plaintiff has incurred, and will continue to incur, legal expenses and

2    attorneys fees in an amount according to proof at trial.

3    70.    In doing the things herein alleged, Defendants acted oppressively,

4    maliciously, intentionally, despicably, and in conscious disregard of Plaintiff's rights.

5    Consequently, Plaintiff is entitled to recovery of exemplary or punitive damages in an amount

6    according to proof at trial.

7    ### SIXTH CAUSE OF ACTION

8    ### ASSAULT

9    **(Plaintiff Against CULP and DOES 51-60)**

10    71.    The allegations contained in paragraphs 1 through 70 are incorporated

11    herein by this reference and re-alleged as though fully set forth herein.

12    72.    While working on the Coachella Project, CULP, while standing behind

13    SHOEMAKER and without prior invitation, announcement, or authorization, hugged

14    SHOEMAKER from behind and forcibly simulated anal intercourse with her.  Also while

15    working on the Coachella Project, CULP, while standing behind SHOEMAKER and without

16    prior invitation, announcement, or authorization, grabbed SHOEMAKER's breasts.  In addition,

17    during the course of the Coachella Project, CULP would follow and/or chase SHOEMAKER in

18    his truck while she was driving along the canal in her truck at nighttime.  CULP did this in such

19    a manner as to intimidate SHOEMAKER and cause her to be afraid.  CULP would occasionally

20    pull his truck over behind SHOEMAKER's truck at nighttime and, on one occasion, even ran his

21    truck into hers.  As a result of this conduct, SHOEMAKER became afraid to drive her truck

22    along the canal roads at nighttime.  In addition, CULP lassoed SHOEMAKER with a rope at the

23    Coachella Project jobsite.

24    73.    In doing the acts as alleged herein, CULP intended to cause or to place

25    SHOEMAKER in apprehension of a harmful and/or offensive contact with her person.

26    74.    As a proximate result of CULP's acts as alleged herein, SHOEMAKER

27    was, in fact, placed in great apprehension of a harmful and/or offensive contact with her person.

28    ///

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

***FIRST AMENDED* COMPLAINT FOR DAMAGES**

75.    As a proximate result of the acts of CULP as alleged herein, SHOEMAKER was injured in her health, strength, and activity, sustaining injuries to her nervous system and person, all of which have caused, and continue to cause, SHOEMAKER great mental, physical, and nervous pain and suffering.  As a result of these injuries, Plaintiff has suffered general damages in an amount according to proof at trial.

76.    The aforementioned conduct of CULP was willful and malicious and was intended to oppress and cause injury to SHOEMAKER.  As such, Plaintiff is entitled to an award of exemplary or punitive damages in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION

### BATTERY

### (Plaintiff Against CULP and DOES 61-70)

77.    The allegations contained in paragraphs 1 through 76 are incorporated herein by this reference and re-alleged as though fully set forth herein.

78.    Immediately following the above assault committed by CULP against SHOEMAKER, CULP made contact with SHOEMAKER's person, including her buttocks and breasts.  Moreover, immediately following the above assaults committed by CULP against SHOEMAKER, CULP made contact with SHOEMAKER's person with the rope he used to lasso her, as well as when he ran his truck into SHOEMAKER's truck.

79.    In doing the things alleged herein, CULP acted with the intent to make a contact with SHOEMAKER's person.

80.    At no time did SHOEMAKER consent to any of CULP's contact with SHOEMAKER's person, as alleged herein.  At all times herein mentioned, SHOEMAKER in fact found the contact CULP made with her person to be offensive to her person and dignity.

81.    As a proximate result of the acts of CULP as alleged herein, SHOEMAKER was injured in her health, strength, and activity, sustaining injuries to her nervous system and person, all of which have caused, and continue to cause, SHOEMAKER great mental, physical, and nervous pain and suffering.  As a result of these injuries, Plaintiff has suffered general damages in an amount according to proof at trial.

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

21

*FIRST AMENDED* COMPLAINT FOR DAMAGES

1    82.      The aforementioned conduct of CULP was willful and malicious and was

2  intended to oppress and cause injury to SHOEMAKER.  As such, Plaintiff is entitled to an award

3  of exemplary or punitive damages in an amount according to proof at trial.

### EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Plaintiff Against All Defendants and DOES 71-80)

7    83.      The allegations contained in paragraphs 1 through 82 are incorporated

8  herein by this reference and re-alleged as though fully set forth herein.

9    84.      In doing the things alleged herein, Defendants engaged in outrageous and

10  unprivileged conduct with reckless disregard of the probability of causing Plaintiff emotional

11  distress.

12    85.      Such outrageous and unprivileged conduct on the part of Defendants

13  caused Plaintiff to suffer severe emotional distress.  As a proximate result of Defendants'

14  intentional infliction of emotional distress on Plaintiff, Plaintiff has suffered damages in an

15  amount according to proof for lost past and future wages, out-of-pocket expenses, lost

16  employment benefits, diminished employability, and emotional distress damages.

17    86.      In doing the things alleged herein, Defendants acted oppressively,

18  maliciously, intentionally, and in conscious disregard of Plaintiff's rights.  Accordingly, Plaintiff

19  is entitled to recover exemplary or punitive damages in an amount according to proof at trial.

### NINTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Plaintiff Against All Defendants and DOES 81-90)

23    87.      The allegations contained in paragraphs 1 through 86 are incorporated

24  herein by this reference and re-alleged as though fully set forth herein.

25    88.      In doing the things alleged herein, Defendants breached the duty of care

26  that they owed to Plaintiff to act in a reasonable manner and provide a workplace free of

27  unlawful harassment, discrimination, and retaliation.

28  ///

Law Offices of Sofian
Solomon Dawood
7170 N  Financial Drive,
Suite 101
Fresno, CA  93720

*FIRST AMENDED* COMPLAINT FOR DAMAGES

89.    As a proximate result of Defendants' careless breach of such duty of care owed to Plaintiff, Plaintiff has suffered consequential damages in an amount according to proof for lost past and future wages, out-of-pocket expenses, lost employment benefits, diminished employability, and emotional distress damages.

90.    In doing the things alleged herein, Defendants acted oppressively and maliciously with intentional and conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to recover exemplary or punitive damages in an amount according to proof.

## TENTH CAUSE OF ACTION

### NEGLIGENT HIRING OF CULP

**(Plaintiff Against Defendant BROSAMER and DOES 91-100)**

91.    The allegations contained in paragraphs 1 through 90 are incorporated herein by this reference and re-alleged as though fully set forth herein.

92.    Defendant BROSAMER owed a duty of care to its employees, including Plaintiff, to take reasonable measures to ensure that the supervisors it hired and required its employees to work under were adequately screened so that its employees were not exposed to abuse.

93.    Defendant BROSAMER breached said duty of care when it hired and placed Defendant CULP into a supervisory position when BROSAMER knew, or should have known by an exercise of reasonable diligence, that CULP was not suited to serve as a supervisor.

94.    As a proximate result of Defendant BROSAMER's breach of its duty of care owed to its employees, including Plaintiff, Plaintiff was subjected to the unlawful harassing, discriminatory, retaliatory, and/or tortuous conduct of CULP as alleged herein.. As a proximate result of BROSAMER'S negligent hiring of CULP, Plaintiff has suffered damages in an amount according to proof for lost past and future wages, out-of-pocket expenses, lost employment benefits, diminished employability, and emotional distress damages.

///

///

///

Law Offices of Soflan
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

23
*FIRST AMENDED* COMPLAINT FOR DAMAGES

## ELEVENTH CAUSE OF ACTION

### NEGLIGENT RETENTION OF CULP

#### (Plaintiff Against Defendant BROSAMER and DOES 101-110)

95.    The allegations contained in paragraphs 1 through 94 are incorporated herein by this reference and re-alleged as though fully set forth herein.

96.    Defendant BROSAMER owed a duty of care to its employees, including Plaintiff, to take reasonable measures to ensure that supervisors were not being retained within the Company if said supervisors were unfit as such.    BROSAMER owed its employees, including Plaintiff, this duty so that such employees were not exposed to abuse and the conduct alleged herein.

97.    Defendant BROSAMER breached said duty of care to its employees, including Plaintiff, by retaining CULP when BROSAMER knew, or should have known, by an exercise of reasonable diligence, that CULP was not suited to be retained as a supervisor.    In addition to CULP'S conduct being capable of observance and evaluation by BROSAMER, including its owners and/or upper management, BROSAMER was specifically informed by Plaintiff of the unlawful, harassing, discriminatory, retaliatory, and/or tortious conduct of CULP toward Plaintiff and/or other employees of BROSAMER.

98.    As a result of BROSAMER's breach of its duty of care owed to its employees, including Plaintiff, Plaintiff was subjected to the unlawful harassing, discriminatory, retaliatory, and/or tortious conduct of CULP, as alleged herein.    As a result of Defendant BROSAMER'S negligent retention of CULP, Plaintiff has suffered damages in an amount according to proof for lost past and future wages, out-of-pocket expenses, lost employment benefits, diminished employability, and emotional distress damages.

## TWELFTH CAUSE OF ACTION

### RECOVERY OF UNPAID WAGES, INCLUDING OVERTIME COMPENSATION

#### (Plaintiff Against Defendant BROSAMER and DOES 111-120)

99.    The allegations contained in paragraphs 1 through 98 are incorporated herein by this reference and re-alleged as though fully set forth herein.

100.    During the entire time Plaintiff worked on the Coachella Project, as set forth more specifically above, she reported to work no less than one hour prior to the start time of each of her shifts and performed work from said time up to the start of each shift ("Pre-Shift Hours"). Plaintiff is informed and believes, and thereon alleges, that CULP and/or other supervisors at BROSAMER were aware that Plaintiff would begin work no less than one (1) hour prior to the start of her shift time and that they permitted Plaintiff to do so. On average, Plaintiff worked at least five (5) shifts per work throughout the duration of the Coachella Project, which resulted in Plaintiff having worked a total of approximately 5 Pre-Shift Hours per week throughout said period of time. Plaintiff was not paid wages for any of these Pre-Shift Hours worked. Approximately all of the Pre-Shift Hours were worked by Plaintiff in addition to her eight (8)-hour shift per scheduled work day, thereby entitling Plaintiff to overtime compensation for each of the Pre-Shift Hours. Plaintiff's regular rate of pay, when including her daily premium pay as set forth above, was at least $28.13 per hour during this period of time. Accordingly, Plaintiff's applicable overtime rate of pay, when including her daily premium pay as set forth above and calculating said overtime rate of pay as one and one-half (1½) times her regular rate of pay, was at least $42.20 per hour during this period of time.

101.    Throughout the duration of the Coachella Project, Plaintiff was not paid for the Pre-Shift Hours worked at the time of the applicable pay periods for which such hours were worked. In addition, at the time of Plaintiff's constructive discharge, as alleged above, she was not paid for any of the Pre-Shift Hours worked.

102.    Plaintiff did not accrue additional vacation time, retirement pay, and/or paid time off based on the Pre-Shift Hours she worked, to which she was entitled. Throughout the duration of the Coachella Project, Plaintiff accrued vacation pay, retirement pay, and/or paid time off at a rate later to be determined.

103.    BROSAMER's failure to pay Plaintiff the amount due for the Pre-Shift Hours worked, in addition to accrued vacation time based on the Pre-Shift Hours, violated California Labor Code section 201.

///

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

**FIRST AMENDED COMPLAINT FOR DAMAGES**

104.    There is now due and owing to Plaintiff unpaid wages, including overtime compensation, in the total amount of at least $42.20 for each Pre-Shift Hour worked. BROSAMER has failed to pay said amounts that are due and owing, and continues to fail to pay said amounts, to Plaintiff.

105.    California Labor Code section 1198 makes it unlawful for an employer to employ its employees for longer than the hours set forth in the Industrial Welfare Commission orders ("IWC Orders") or under conditions prohibited by such orders. Plaintiff is informed and believes, and thereon alleges, that at all times during and throughout the Coachella Project, the applicable IWC Order(s) required BROSAMER to pay Plaintiff at a rate equal to one and one-half (1½) times her regular rate of pay for all hours worked in excess of eight (8), but less than 12, hours per workday.

106.    BROSAMER's failure to pay Plaintiff at the rate of one and one-half (1½) times her regular rate of pay for each of the Pre-Shift Hours worked violated California Labor Code section 1198.

107.    Under 29 U.S.C. section 216, subsection (b), Plaintiff is entitled to liquidated damages in an amount equal to the unpaid overtime compensation;

108.    Pursuant to California Labor Code sections 218.5 and 1194, subsection (a), Plaintiff is entitled to recover her reasonable attorneys' fees and costs incurred in this action, which Plaintiff requests this Court to so award.

109.    Pursuant to California Labor Code sections 218.6 and 1194, subsection (a), Plaintiff further requests that the Court award her interest on all due and unpaid wages and overtime compensation, at the legal rate set forth in California Civil Code section 3289, subsection (b), accruing from and after the date the wages and overtime compensation were due and payable.

///
///
///
///

Law Offices of Sofian
Solomon Dawood
7170 N. FINANCIAL DRIVE,
SUITE 101
FRESNO, CA 93720

*FIRST AMENDED* **COMPLAINT FOR DAMAGES**

## THIRTEENTH CAUSE OF ACTION

## RECOVERY OF WAITING TIME PENALTIES

### (Plaintiff Against Defendant BROSAMER and DOES 121-130)

110.    The allegations contained in paragraphs 1 through 109 are incorporated herein by this reference and re-alleged as though fully set forth herein.

111.    BROSAMER's failure to pay wages, including overtime compensation, to Plaintiff, as alleged above, was willful in that BROSAMER intentionally failed to pay Plaintiff the wages and overtime compensation owed to her, thereby entitling Plaintiff to an award of penalties under California Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

112.    Defendant has continued to fail to pay Plaintiff the wages, including overtime compensation, owed to her.  Such failure has continued over a period of time well in excess of 30 days from the date such wages were due, thereby entitling Plaintiff to an award of penalties in an amount equal to her daily rate of pay multiplied by 30 days, the exact amount of which is subject to proof at trial.

## REQUEST FOR JURY TRIAL

WHEREFORE, the Plaintiff prays as follows:

1.    For compensatory damages, including but not limited to, past and future lost wages, lost employee benefits (with interest on said amounts), diminished employability, other economic injury, and emotional distress damages, all in an amount according to proof at trial;

2.    For liquidated damages in accordance with California Labor Code section 1197.5, subsection (b), in an amount according to proof at trial;

3.    For unpaid wages and overtime compensation in an amount according to proof at trial;

///

///

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

4.      For interest on unpaid wages and overtime compensation in accordance with California Labor Code sections 218.6 and 1194, subsection (a), in an amount according to proof at trial;

5.      For liquidated damages in an amount equal to the unpaid overtime compensation in accordance with 29 U.S.C. section 216, subsection (b), in an amount according to proof at trial;

6.      For waiting time penalties under California Labor Code section 203 in an amount according to proof at trial;

7.      For special damages, according to proof at trial;

8.      For exemplary and punitive damages, according to proof;

9.      For pre-judgment interest under Civil Code section 3288, as well as any and all other applicable statutory authority, in an amount according to proof at trial;

10.     For costs of suit, including reasonable attorneys' fees, according to proof; and

11.     For such other and further relief as the Court may deem just and proper.

Dated: April 21, 2008                                    LAW OFFICES OF SOFIAN SOLOMON
                                                         DAWOOD


                                                         By _Sofian Solomon Dawood_
                                                             SOFIAN DAWOOD
                                                             Attorney for Plaintiff
                                                             CHARLENE SHOEMAKER

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

*FIRST AMENDED* COMPLAINT FOR DAMAGES

**SHOEMAKER vs. BROSAMER**

# EXHIBIT "A"

## * * EMPLOYMENT * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E200607 M-0961-00-rse |
|---|---|---|
| | EEOC # | 37AA708167 |

If. d with EEOC, this form may be affected by the Privacy Act of 1974.

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (indicate Mr. or Ms.)
SHOEMAKER, Charlene (Ms.)

ADDRESS
2875 F Northtowne Lane #140

TELEPHONE NUMBER (INCLUDE AREA CODE)
(530) 200-3168

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Reno, NV 89512 | | | Washoe | NV |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
R & L Brosamer, Inc.

ADDRESS
1777 Oakland Blvd. Ste 300

TELEPHONE NUMBER (INCLUDE AREA CODE)
(925) 837-5600

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Walnut Creek, CA 94596 | | | Contra Costa | 013 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))

☐ RACE   ☐ SEX   ☐ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ DENIAL OF FAMILY/MEDICAL LEAVE   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ MEDICAL CONDITION (cancer or genetic characteristics)   ☑ OTHER (SPECIFY) Retaliation for Protesting

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|---|
| 500 | TOOK PLACE (month, day, and year) September 29, 2006 | 16 |

THE PARTICULARS ARE:

I      From approximately January 2006 to May 2006, I was denied equal pay of $50.00 per day of subsistence pay as a Labor Foreman. From approximately June 4, 2006 to August 2006, I was denied subsistence pay of $65.00 a day as a Labor Foreman. From approximately January 2006 to August 2006, I sexually harassed during my employment as a Labor Foreman. On or about August 2006, I was demoted from Labor Foreman to Laborer. On or about September 30, 2006, I was constructively discharged (forced to quit) and at the time of my constructive discharge I was earning 23.39 an hour as a Laborer.

II.     Guy Culp, Superintendent did not give me a reason for denial of increase for my subsistence pay, he just told me that I was a stupid woman. On or about August 2006, Ken Gilmore, Consultant stated that I was going back to be a Laborer, no reason was given.

III.    I believe that I was denied equal pay, sexually harassed, and constructively discharged on the basis of my sex (female). I believe that I was demoted and constructively discharged (forced to quit) in retaliation for complaining about the sexual harassment.

A. On or about January 1, 2006, I was promoted to Labor Foreman. While all male Labor Foremen were paid $50.00 a day subsistence, I was only paid $25.00 a day. When I asked Guy Culp, Superintendent, why I was not getting the same daily rate, he did not give me a reason, he just stated that I was a stupid woman.

Page 1 of 2

* * * **EMPLOYMENT** * * *

| | | |
|---|---|---|
| **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** | DFEH # | E200607 M-0961-00-rse |
| | EEOC # | 37AA708167 |

COMPLAINANT'S NAME(S) (indicate Mr. or Ms.)
SHOEMAKER, Charlene (Ms.)

RESPONDENT'S NAME
R & L Brosamer, Inc.

THE PARTICULARS ARE:

B. On May 31, 2006, Bob Brosamer, Owner, sent out a memorandum stating that all Labor Foreman's daily subsistence of $50.00 was increasing to $65.00 effective June 4, 2006.  Guy Culp's reason for the denial is stated in II above.

C. From approximately January 2006 to August 2006, Guy Culp, Superintendent, subjected me to physical and verbal sexual harassment.  The harassment occurred on a weekly basis and created a hostile and threatening work environment.

D. From January 2006 to June 2006, I complained to the following management staff about the sexual harassment; Jose Escobedo, EEO; Shawn Othein, Project/EEO Manager, and John Polegard, Southern Area Manager.  Even though they talked to Guy Culp, Superintendent, the harassment continued.

E. On or about August 2006 Ken Gilmore, Consultant stated that I was going back to being a Laborer and no reason was given.  I believe that I was demoted in retaliation for complaining about the sexual harassment as prior to this I was not informed of any performance problems.

F. On September 2006 I was constructively discharged (forced to quit) because the hostile work environment was affecting my well being.

**RECEIVED**

JAN 2 2 2007

Department of Fair
Employment and Housing
Oakland District Office

Page 2 of 2

☐ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  1-16-07

at  Fresno
City

FEH-300-01 (12/99)          F:JRR:sm
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

_Charlene K Shoemaker_
COMPLAINANT'S SIGNATURE

DATE FILED:  January 22, 2007

STATE OF CALIFORNIA

## * EMPLOYMENT *

| | |
|---|---|
| **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** | DFEH # E200607 M-0961-01-rs |
| | ~~EEOC #~~   N/A |

If ~~ed~~ with EEOC, this form may be affected by the Privacy Act of 1974.

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING ~~and EEOC~~

COMPLAINANT'S NAME (indicate Mr. or Ms.)
**SHOEMAKER, Charlene (Ms.)**

ADDRESS
**2875 F Northtowne Lane #140**

| | | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|---|
| | | | **(530) 200-3168** |

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Reno, NV 89512 | | | Washoe | NV |

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME
**Sterling Culp, Guy, As An Individual**

ADDRESS
**1777 Oakland Blvd. Ste 300**

| | | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|---|
| | | | **(925) 837-5600** |

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Walnut Creek, CA 94596 | | | Contra Costa | 013 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))

☐ RACE  ☐ SEX  ☐ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ DENIAL OF FAMILY/MEDICAL LEAVE  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ MEDICAL CONDITION (cancer or genetic characteristics)  ☑ OTHER (SPECIFY) Retaliation for Protesting

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) September 29, 2006 | RESPONDENT CODE |
|---|---|---|
| 500 | | 16 |

THE PARTICULARS ARE:

I.   From approximately January 2006 to May 2006, I was denied equal pay of $50.00 per day of subsistence pay as a Labor Foreman. From approximately June 4, 2006 to August 2006, I was denied subsistence pay of $65.00 a day as a Labor Foreman. From approximately January 2006 to August 2006, I sexually harassed during my employment as a Labor Foreman. On or about August 2006, I was demoted from Labor Foreman to Laborer. On or about September 30, 2006, I was constructively discharged (forced to quit) and at the time of my constructive discharge I was earning 23.39 an hour as a Laborer.

II.  Guy Culp, Superintendent did not give me a reason for denial of increase for my subsistence pay, he just told me that I was a stupid woman. On or about August 2006, Ken Gilmore, Consultant stated that I was going back to be a Laborer, no reason was given.

III. I believe that I was denied equal pay, sexually harassed, and constructively discharged on the basis of my sex (female). I believe that I was demoted and constructively discharged (forced to quit) in retaliation for complaining about the sexual harassment.

A.   On or about January 1, 2006, I was promoted to Labor Foreman. While all male Labor Foremen were paid $50.00 a day subsistence, I was only paid $25.00 a day. When I asked Guy Culp, Superintendent, why I was not getting the same daily rate, he did not give me a reason, he just stated that I was a stupid woman.

Page 1 of 2

# * EMPLOYMENT *

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    E200607 M-0961-01-rs

EEOC #    N/A

C    .AINANT'S NAME(S) (indicate Mr. or Ms.)
SHOEMAKER, Charlene (Ms.)

RESPONDENT'S NAME
Sterling Culp, Guy, As An Individual

THE PARTICULARS ARE:

B. On May 31, 2006, Bob Brosamer, Owner, sent out a memorandum stating that all Labor Foreman's daily subsistence of $50.00 was increasing to $65.00 effective June 4, 2006.  Guy Culp's reason for the denial is stated in II above.

C. From approximately January 2006 to August 2006, Guy Culp, Superintendent, subjected me to physical and verbal sexual harassment.  The harassment occurred on a weekly basis and created a hostile and threatening work environment.

D. From January 2006 to June 2006, I complained to the following management staff about the sexual harassment; Jose Escobedo, EEO; Shawn Othein, Project/EEO Manager, and John Polegard, Southern Area Manager.  Even though they talked to Guy Culp, Superintendent, the harassment continued.

E. On or about August 2006 Ken Gilmore, Consultant stated that I was going back to being a Laborer and no reason was given.  I believe that I was demoted in retaliation for complaining about the sexual harassment as prior to this I was not informed of any performance problems.

F. On September 2006 I was constructively discharged (forced to quit) because the hostile work environment was affecting my well being.

**RECEIVED**

JAN 2 2 2007

Department of Fair
Employment and Housing
Oakland District Office

Page 2 of 2

I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge ccept as to matters stated on my information and belief, and as to those matters I believe it to be true.

ated  1-16-07

Fresno
City

EH-300-01 (12/99)        F:JRR:sm
PARTMENT OF FAIR EMPLOYMENT AND HOUSING

*Charlene R Shoemaker*
COMPLAINANT'S SIGNATURE

DATE FILED:  January 22, 2007

STATE OF CALIFORNIA

# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200607 M-0961-02-rs

~~EEOC #~~ N/A

If ~~c~~ d with EEOC, this form may be affected by the Privacy Act of 1974.

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING ~~and EEOC~~

COMPLAINANT'S NAME (indicate Mr. or Ms.)
SHOEMAKER, Charlene (Ms.)

ADDRESS
2875 F Northtowne Lane #140

TELEPHONE NUMBER (INCLUDE AREA CODE)
(530) 200-3168

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|------|-------|-----|--------|-------------|
| Reno, NV 89512 | | | Washoe | NV |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Polegard, John, As An Individual

ADDRESS
1777 Oakland Blvd. Ste 300

TELEPHONE NUMBER (INCLUDE AREA CODE)
(925) 837-5600

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|------|-------|-----|--------|-------------|
| Walnut Creek, CA 94596 | | | Contra Costa | 013 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))

☐ RACE ☐ SEX ☐ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ DENIAL OF FAMILY/MEDICAL LEAVE ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ MEDICAL CONDITION (cancer or genetic characteristics) ☑ OTHER (SPECIFY) Retaliation for Protesting

NO. OF EMPLOYEES/MEMBERS
500

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) September 29, 2006

RESPONDENT CODE
16

THE PARTICULARS ARE:

From approximately January 2006 to May 2006, I was denied equal pay of $50.00 per day of subsistence pay as a Labor Foreman. From approximately June 4, 2006 to August 2006, I was denied subsistence pay of $65.00 a day as a Labor Foreman. From approximately January 2006 to August 2006, I sexually harassed during my employment as a Labor Foreman. On or about August 2006, I was demoted from Labor Foreman to Laborer. On or about September 30, 2006, I was constructively discharged (forced to quit) and at the time of my constructive discharge I was earning 23.39 an hour as a Laborer.

II.    Guy Culp, Superintendent did not give me a reason for denial of increase for my subsistence pay, he just told me that I was a stupid woman. On or about August 2006, Ken Gilmore, Consultant stated that I was going back to be a Laborer, no reason was given.

III.   I believe that I was denied equal pay, sexually harassed, and constructively discharged on the basis of my sex (female). I believe that I was demoted and constructively discharged (forced to quit) in retaliation for complaining about the sexual harassment.

A.    On or about January 1, 2006, I was promoted to Labor Foreman. While all male Labor Foremen were paid $50.00 a day subsistence, I was only paid $25.00 a day. When I asked Guy Culp, Superintendent, why I was not getting the same daily rate, he did not give me a reason, he just stated that I was a stupid woman.

Page 1 of 2

** * EMPLOYMENT * **

# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    E200607 M-0961-02-rs

EEOC #    N/A

COMPLAINANT'S NAME(S) (indicate Mr. or Ms.)

SHOEMAKER, Charlene (Ms.)

RESPONDENT'S NAME

Polegard, John, As An Individual

THE PARTICULARS ARE:

B.  On May 31, 2006, Bob Brosamer, Owner, sent out a memorandum stating that all Labor Foreman's daily subsistence of $50.00 was increasing to $65.00 effective June 4, 2006.  Guy Culp's reason for the denial is stated in II above.

C.  From approximately January 2006 to August 2006, Guy Culp, Superintendent, subjected me to physical and verbal sexual harassment.  The harassment occurred on a weekly basis and created a hostile and threatening work environment.

D.  From January 2006 to June 2006, I complained to the following management staff about the sexual harassment; Jose Escobedo, EEO; Shawn Othein, Project/EEO Manager, and John Polegard, Southern Area Manager.  Even though they talked to Guy Culp, Superintendent, the harassment continued.

E.  On or about August 2006 Ken Gilmore, Consultant stated that I was going back to being a Laborer and no reason was given.  I believe that I was demoted in retaliation for complaining about the sexual harassment as prior to this I was not informed of any performance problems.

F.  On September 2006 I was constructively discharged (forced to quit) because the hostile work environment was affecting my well being.

**RECEIVED**

JAN 2 2 2007

Department of Fair
Employment and Housing
Oakland District Office

Page 2 of 2

☑ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated    1-16-07

At    Fresno

City

COMPLAINANT'S SIGNATURE

DFEH-300-01 (12/99)          F:JRR:sm
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:  January 22, 2007

STATE OF CALIFORNIA

# * EMPLOYMENT * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E200607 M-0961-03-rs |
|---|---|---|
| | ~~EEOC #~~ | N/A |

If ~~filed~~ with EEOC, this form may be affected by the Privacy Act of 1974.

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING ~~and EEOC~~

COMPLAINANT'S NAME (indicate Mr. or Ms.)
SHOEMAKER, Charlene (Ms.)

ADDRESS
2875 F Northtowne Lane #140

| | | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|---|
| | | | (530) 200-3168 |

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Reno, NV 89512 | | | Washoe | NV |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Othein, Shawn, As An Individual

ADDRESS
1777 Oakland Blvd. Ste 300

| | | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|---|
| | | | (925) 837-5600 |

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Walnut Creek, CA 94596 | | | Contra Costa | 013 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])
☐ RACE ☐ SEX ☐ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ DENIAL OF FAMILY/MEDICAL LEAVE ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ MEDICAL CONDITION (cancer or genetic characteristics) ☑ OTHER (SPECIFY) Retaliation for Protesting

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION | |
|---|---|---|
| 500 | TOOK PLACE (month, day, and year) September 29, 2006 | RESPONDENT CODE 16 |

THE PARTICULARS ARE:

I. From approximately January 2006 to May 2006, I was denied equal pay of $50.00 per day of subsistence pay as a Labor Foreman. From approximately June 4, 2006 to August 2006, I was denied subsistence pay of $65.00 a day as a Labor Foreman. From approximately January 2006 to August 2006, I sexually harassed during my employment as a Labor Foreman. On or about August 2006, I was demoted from Labor Foreman to Laborer. On or about September 30, 2006, I was constructively discharged (forced to quit) and at the time of my constructive discharge I was earning 23.39 an hour as a Laborer.

II. Guy Culp, Superintendent did not give me a reason for denial of increase for my subsistence pay, he just told me that I was a stupid woman. On or about August 2006, Ken Gilmore, Consultant stated that I was going back to be a Laborer, no reason was given.

III. I believe that I was denied equal pay, sexually harassed, and constructively discharged on the basis of my sex (female). I believe that I was demoted and constructively discharged (forced to quit) in retaliation for complaining about the sexual harassment.

A. On or about January 1, 2006, I was promoted to Labor Foreman. While all male Labor Foremen were paid $50.00 a day subsistence, I was only paid $25.00 a day. When I asked Guy Culp, Superintendent, why I was not getting the same daily rate, he did not give me a reason, he just stated that I was a stupid woman.

Page 1 of 2

# *  * EMPLOYMENT *  *

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH #  E200607 M-0961-03-rs

~~EEOC #~~  N/A

C ̄LAINANT'S NAME(S) (indicate Mr. or Ms.)
SHOEMAKER, Charlene (Ms.)

RESPONDENT'S NAME
Othein, Shawn,  As An Individual

THE PARTICULARS ARE:

B.  On May 31, 2006, Bob Brosamer, Owner, sent out a memorandum stating that all Labor Foreman's daily subsistence of $50.00 was increasing to $65.00 effective June 4, 2006.  Guy Culp's reason for the denial is stated in II above.

C.  From approximately January 2006 to August 2006, Guy Culp, Superintendent, subjected me to physical and verbal sexual harassment.  The harassment occurred on a weekly basis and created a hostile and threatening work environment.

D.  From January 2006 to June 2006, I complained to the following management staff about the sexual harassment; Jose Escobedo, EEO; Shawn Othein, Project/EEO Manager, and John Polegard, Southern Area Manager.  Even though they talked to Guy Culp, Superintendent, the harassment continued.

E.  On or about August 2006 Ken Gilmore, Consultant stated that I was going back to being a Laborer and no reason was given.  I believe that I was demoted in retaliation for complaining about the sexual harassment as prior to this I was not informed of any performance problems.

F.  On September 2006 I was constructively discharged (forced to quit) because the hostile work environment was affecting my well being.

**RECEIVED**

.IAN 2 2 2007

Department of Fair
Employment and Housing
Oakland District Office

Page 2 of 2

~~I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).~~

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  1-16-07

Fresno
City

*Charlene R Shoemaker*
COMPLAINANT'S SIGNATURE

EH-300-01 (12/99)           F:JRR:sm
PARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:  **January 22, 2007**

STATE OF CALIFORNIA

**EMPLOYMENT**

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E200607 M-0961-04-rs |
|---|---|---|
| | EEOC # | N/A |

If filed with EEOC, this form may be affected by the Privacy Act of 1974.

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (indicate Mr. or Ms.)
SHOEMAKER, Charlene (Ms.)

ADDRESS
2875 F Northtowne Lane #140

TELEPHONE NUMBER (INCLUDE AREA CODE)
(530) 200-3168

| CITY Reno, NV 89512 | STATE | ZIP | COUNTY Washoe | COUNTY CODE NV |
|---|---|---|---|---|

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Escobedo, Jose, As An Individual

ADDRESS
1777 Oakland Blvd. Ste 300

TELEPHONE NUMBER (INCLUDE AREA CODE)
(925) 837-5600

| CITY Walnut Creek, CA 94596 | STATE | ZIP | COUNTY Contra Costa | COUNTY CODE 013 |
|---|---|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])

☐ RACE ☐ SEX ☐ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ DENIAL OF FAMILY/MEDICAL LEAVE ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ MEDICAL CONDITION (cancer or genetic characteristics) ☑ OTHER (SPECIFY) Retaliation for Protesting

| NO. OF EMPLOYEES/MEMBERS 500 | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) September 29, 2006 | RESPONDENT CODE 16 |
|---|---|---|

THE PARTICULARS ARE:

I.  From approximately January 2006 to May 2006, I was denied equal pay of $50.00 per day of subsistence pay as a Labor Foreman. From approximately June 4, 2006 to August 2006, I was denied subsistence pay of $65.00 a day as a Labor Foreman. From approximately January 2006 to August 2006, I sexually harassed during my employment as a Labor Foreman. On or about August 2006, I was demoted from Labor Foreman to Laborer. On or about September 30, 2006, I was constructively discharged (forced to quit) and at the time of my constructive discharge I was earning 23.39 an hour as a Laborer.

II.  Guy Culp, Superintendent did not give me a reason for denial of increase for my subsistence pay, he just told me that I was a stupid woman. On or about August 2006, Ken Gilmore, Consultant stated that I was going back to be a Laborer, no reason was given.

III.  I believe that I was denied equal pay, sexually harassed, and constructively discharged on the basis of my sex (female). I believe that I was demoted and constructively discharged (forced to quit) in retaliation for complaining about the sexual harassment.

A.  On or about January 1, 2006, I was promoted to Labor Foreman. While all male Labor Foremen were paid $50.00 a day subsistence, I was only paid $25.00 a day. When I asked Guy Culp, Superintendent, why I was not getting the same daily rate, he did not give me a reason, he just stated that I was a stupid woman.

Page 1 of 2

**EMPLOYMENT * * * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #   E200607 M-0961-04-rs

EEOC #   N/A

C    .AINANT'S NAME(S) (indicate Mr. or Ms.)
SHOEMAKER, Charlene (Ms.)

RESPONDENT'S NAME
Escobedo, Jose,  As An Individual

THE PARTICULARS ARE:

B.  On May 31, 2006, Bob Brosamer, Owner, sent out a memorandum stating that all Labor Foreman's daily subsistence of $50.00 was increasing to $65.00 effective June 4, 2006.  Guy Culp's reason for the denial is stated in II above.

C.  From approximately January 2006 to August 2006, Guy Culp, Superintendent, subjected me to physical and verbal sexual harassment.  The harassment occurred on a weekly basis and created a hostile and threatening work environment.

D.  From January 2006 to June 2006, I complained to the following management staff about the sexual harassment; Jose Escobedo, EEO; Shawn Othein, Project/EEO Manager, and John Polegard, Southern Area Manager.  Even though they talked to Guy Culp, Superintendent, the harassment continued.

E.  On or about August 2006 Ken Gilmore, Consultant stated that I was going back to being a Laborer and no reason was given.  I believe that I was demoted in retaliation for complaining about the sexual harassment as prior to this I was not informed of any performance problems.

F.  On September 2006 I was constructively discharged (forced to quit) because the hostile work environment was affecting my well being.

RECEIVED

JAN 22 2007

Department of Fair
Employment and Housing
Oakland District Office

Page 2 of 2

☑ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   1-16-07

At   Fresno

City

DFEH-300-01 (12/99)          F:JRR:sm
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

COMPLAINANT'S SIGNATURE

DATE FILED:  January 22, 2007

STATE OF CALIFORNIA

**<u>SHOEMAKER vs. BROSAMER</u>**

# EXHIBIT "B"

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



ARNOLD SCHWARZENEGGER, Governor

August 8, 2007

CHARLENE SHOEMAKER
2875 F Northtowne Lane, #140
Reno, NV 89512

RE:   E200607M0961-00-rse/37AA708167
      SHOEMAKER/R & L BROSAMER, INC.

Dear CHARLENE SHOEMAKER:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Complainant Elected Court Action.

Please be advised that this recommendation has been accepted and the case has been closed effective August 8, 2007.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two


This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator


cc:    Case File


Elizabeth A. Madden
Legal Counsel
LYNCH, GILARDI & GRUMMER
475 Sansome St Ste 1800
San Francisco, CA  94111

DFEH-200-08e (06/06)
MALSCHEC

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov
Case 4:08-cv-03098-WDB    Document 44    Filed 07/18/2008    Page 47 of 54



August 8, 2007

CHARLENE SHOEMAKER
2875 F Northtowne Lane, #140
Reno, NV 89512

RE:    E200607M0961-01-rse
       <u>SHOEMAKER/STERLING CULP, GUY, As an individual</u>

Dear CHARLENE SHOEMAKER:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Complainant Elected Court Action.

Please be advised that this recommendation has been accepted and the case has been closed effective August 8, 2007.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates ~~Civil Code section 51, 51.7, or 54.~~ The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator

cc:    Case File

Guy Sterling Culp
Superintendent
R & L BROSAMER, INC.
1777 Oakland Blvd., #300
Walnut Creek, CA  94596

DFEH-200-08e (06/06)
MALSCHEC

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov

ARNOLD SCHWARZENEGGER, Governor



August 8, 2007


CHARLENE SHOEMAKER
2875 F Northtowne Lane, #140
Reno, NV 89512

RE:    E200607M0961-02-rse
       SHOEMAKER/POLEGARD, JOHN, As an individual

Dear CHARLENE SHOEMAKER:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Complainant Elected Court Action.

Please be advised that this recommendation has been accepted and the case has been closed effective August 8, 2007.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator

cc:    Case File

John Polegard
Southern Area Manager
R & L BROSAMER, INC.
1777 Oakland Blvd., #300
Walnut Creek, CA  94596

1515 Clay Street, Suite 701, Oakland, ☉ 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



August 8, 2007


CHARLENE SHOEMAKER
2875 F Northtowne Lane, #140
Reno, NV 89512

RE:  E200607M0961-03-rse
     <u>SHOEMAKER/OTHEIN, SHAWN, As an individual</u>

Dear CHARLENE SHOEMAKER:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Complainant Elected Court Action.

Please be advised that this recommendation has been accepted and the case has been closed effective August 8, 2007.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two


This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator


cc:    Case File


Shawn Othein
Project/EEO Manager
R & L BROSAMER, INC.
1777 Oakland Blvd., #300
Walnut Creek, CA  94596

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



August 8, 2007

CHARLENE SHOEMAKER
2875 F Northtowne Lane, #140
Reno, NV 89512

RE:   E200607M0961-04-rse
      SHOEMAKER/ESCOBEDO, JOSE, As an individual

Dear CHARLENE SHOEMAKER:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Complainant Elected Court Action.

Please be advised that this recommendation has been accepted and the case has been closed effective August 8, 2007.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two


This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator


cc:    Case File


Jose Escobedo
EEO
R & L BROSAMER, INC.
1777 Oakland Blvd., #300
Walnut Creek, CA 94596

DFEH-200-08e (06/06)
MALSCHEC