DILLINGHAM & MURPHY, LLP
CARLA J. HARTLEY (SBN 117213)
BARBARA L. HARRIS CHIANG (SBN 206892)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:    (415) 397-2700
Facsimile:    (415) 397-3300

Attorneys for Defendants
R & L BROSAMER, INC., GUY CULP, JOHN POLEGARD, SHAWN OTHEIN and JOSE ESCOBEDO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| CHARLENE SHOEMAKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>R & L BROSAMER, INC., a California corporation; GUY CULP, an individual; JOHN POLEGARD, an individual; SHAWN OTHEIN, an individual; JOSE ESCOBEDO, an individual; and DOES 1 through 120, inclusive,<br><br>Defendants. | Case No. CV 08-3098 WDB<br><br>**COPIES OF AUTHORITIES IN SUPPORT OF DEFENDANTS POLEGAR, OTHEIN, AND ESCOBEDO'S MOTION TO DISMISS**<br><br>Date:    September 24, 2008<br>Time:   1:30 p.m.<br>Dept.:   Courtroom 4<br><br>Magistrate Judge Wayne D. Brazil |

Defendants JOHN POLEGAR ("Polegar"), SHAWN OTHEIN ("Othein"), and JOSE ESCOBEDO ("Escobedo") (collectively "Individual Defendants"). hereby submit the following copies of the authorities cited their brief filed in support of its Motion to Dismiss other than an official reported Federal or California constitutional provision, case, statute or regulation:

<u>COPIES OF AUTHORITIES</u>

EXHIBIT 1:  *Shaffer v. GTE, Inc.* (9th Cir. 2002) 2002 WL 1354703

///

///

///

///

///

PAGE 1 - CASE NO. CV 08-3098 WDB
COPIES OF AUTHORITIES IN SUPPORT OF DEFENDANTS POLEGAR, OTHEIN, AND ESCOBEDO'S MOTION TO DISMISS

| | | |
|---|---|---|
| 1 | Dated: July 18, 2008 | DILLINGHAM & MURPHY, LLP |
| 2 | | CARLA J. HARTLEY |
| | | BARBARA L. HARRIS CHIANG |

By: /s/_____
Attorneys for Defendants
R & L BROSAMER, INC., GUY CULP, JOHN POLEGARD, SHAWN OTHEIN and JOSE ESCOBEDO

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

# Exhibit 1

Westlaw.

40 Fed.Appx. 552                                                                                                  Page 1
40 Fed.Appx. 552, 2002 WL 1354703 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
**40 Fed.Appx. 552, (C.A.9 (Cal.))2002 WL 1354703**

CSchaffer v. GTE, Inc.
C.A.9 (Cal.),2002.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
Mary Beth SCHAFFER, an individual, Plaintiff-Appellant,
v.
GTE, INC., a corporation; Roger Schueller, an individual; Chris Poehlman, an individual, Defendants-Appellees.
No. 01-55815.
D.C. No. CV-00-03880-R.

Submitted April 5, 2002 [FN*].

FN* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).
Decided June 20, 2002.

Female former employee brought state court action against former employer and supervisors, alleging, inter alia, gender discrimination in violation of California Fair Employment and Housing Act (FEHA), wrongful termination, negligent infliction of emotional distress (NIED), intentional infliction of emotional distress (IIED), negligence, and failure to provide safe work environment in violation of California law. Action was removed. The United States District Court for the Central District of California, Manuel L. Real, J., denied motion to remand and granted summary judgment for defendants. Employee appealed. The Court of Appeals held that: (1) removal of action based on federal question jurisdiction was proper, even though employee subsequently amended complaint to dismiss federal claim; (2) employee established prima facie case of gender discrimination under FEHA; (3) employee's work background and experience, as well as prior salary, were legitimate, non-gender based reasons for employer's decision to place employee in lower salary range than two male employees hired for same position, and such reasons were not pretexts for gender discrimination in violation of FEHA; (4) supervisors could not be sued individually under FEHA; (5) employee failed to establish that employer and supervisors violated any public policy with regards to her termination, as required for her wrongful constructive termination and tortious wrongful termination claims; (6) employee's claims for NIED, IIED, arising from employment relationship, as well as negligence, were within exclusive remedy provisions of California Workers' Compensation Act (WCA); and (7) employee's claim for failure to provide safe work environment fell within exclusivity provisions of WCA.

Affirmed.

Pregerson, Circuit Judge, dissented and filed opinion.

West Headnotes

[1] **Removal of Cases** 334 ⚙25(1)

334 Removal of Cases
  334II Origin, Nature, and Subject of Controversy
    334k25 Allegations in Pleadings
      334k25(1) k. In General. Most Cited Cases
Removal of employee's state court action against employer and supervisors was proper, where employee's original complaint, which alleged violation of the Consolidated Omnibus Budget Reconciliation Act (COBRA), presented federal question on its face, even though employee subsequently amended complaint to dismiss federal claim; amendment did not deprive district court of jurisdiction over remaining state law claims. Employee Retirement Income Security Act of 1974, § 601 et seq., as amended, 29 U.S.C.A. § 1161 et seq.

[2] **Civil Rights** 78 ⚙1168

78 Civil Rights
  78II Employment Practices
    78k1164 Sex Discrimination in General
      78k1168 k. Particular Cases. Most Cited Cases
  (Formerly 78k158.1)
Employer's alleged actions of providing female employee with less desirable cubicle space than male

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

40 Fed.Appx. 552												Page 2
40 Fed.Appx. 552, 2002 WL 1354703 (C.A.9 (Cal.))
**(Not Selected for publication in the Federal Reporter)**
**40 Fed.Appx. 552,   (C.A.9 (Cal.))2002 WL 1354703**

counterparts, denying her Internet access, denying her access to company vehicle, and denying her certain training opportunities, did not constitute adverse employment actions, as would support prima facie claim for gender discrimination under California's Fair Employment and Housing Act (FEHA); employee did not establish that such actions had material, let alone substantial and detrimental, effect upon her employment. West's Ann.Cal.Gov.Code § 12900 et seq.

[3] **Civil Rights** 78 🗝1168

78 Civil Rights
    78II Employment Practices
        78k1164 Sex Discrimination in General
            78k1168 k. Particular Cases. Most Cited Cases
    (Formerly 78k158.1)
Work-related reprimands directed towards female employee by management did not amount to adverse employment action, as would support prima facie case of gender discrimination under California's Fair Employment and Housing Act (FEHA). West's Ann.Cal.Gov.Code § 12900 et seq.

[4] **Civil Rights** 78 🗝1175

78 Civil Rights
    78II Employment Practices
        78k1164 Sex Discrimination in General
            78k1175 k. Compensation; Comparable Worth. Most Cited Cases
    (Formerly 78k161)
Female employee established prima facie case of gender discrimination under California's Fair Employment and Housing Act (FEHA) with regards to her claim that she was paid less than similarly situated male employees; employee alleged that two male employees, who were hired to perform same job as she was, were offered salaries in excess of hers. West's Ann.Cal.Gov.Code § 12900 et seq.

[5] **Civil Rights** 78 🗝1175

78 Civil Rights
    78II Employment Practices
        78k1164 Sex Discrimination in General
            78k1175 k. Compensation; Comparable Worth. Most Cited Cases
    (Formerly 78k161)
Female employee's work background and experience, as well as prior salary, were legitimate, non-gender-based reasons for employer's decision to place employee in lower salary range than two male employees hired for same position, and such reasons were not pretexts for gender discrimination in violation of California's Fair Employment and Housing Act (FEHA). West's Ann.Cal.Gov.Code § 12900 et seq.

[6] **Civil Rights** 78 🗝1113

78 Civil Rights
    78II Employment Practices
        78k1108 Employers and Employees Affected
            78k1113 k. Individuals as "Employers". Most Cited Cases
    (Formerly 78k143)
Supervisors may not be sued individually under California's Fair Employment and Housing Act (FEHA) for alleged gender-based discriminatory acts. West's Ann.Cal.Gov.Code § 12900 et seq.

[7] **Civil Rights** 78 🗝1176

78 Civil Rights
    78II Employment Practices
        78k1164 Sex Discrimination in General
            78k1176 k. Pregnancy; Maternity. Most Cited Cases
    (Formerly 78k162)
Female employee failed to establish that employer discriminated against her on basis of her pregnancy, as required for pregnancy discrimination claim under California's Fair Employment and Housing Act (FEHA). West's Ann.Cal.Gov.Code § 12900 et seq.

[8] **Labor and Employment** 231H 🗝759

231H Labor and Employment
    231HVIII Adverse Employment Action
        231HVIII(A) In General
            231Hk759 k. Public Policy Considerations in General. Most Cited Cases
    (Formerly 255k30(1.10) Master and Servant)

**Labor and Employment** 231H 🗝826

231H Labor and Employment

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

40 Fed.Appx. 552
40 Fed.Appx. 552, 2002 WL 1354703 (C.A.9 (Cal.))
**(Not Selected for publication in the Federal Reporter)**
**40 Fed.Appx. 552, (C.A.9 (Cal.))2002 WL 1354703**

Page 3

231HVIII Adverse Employment Action
    231HVIII(A) In General
        231Hk823 What Constitutes Adverse Action
            231Hk826 k. Constructive Discharge. Most Cited Cases
(Formerly 255k30(1.10) Master and Servant)
Employee failed to establish that employer and supervisors violated any public policy with regards to her termination, as required for her wrongful constructive termination and tortious wrongful termination claims under California law.

[9] **Workers' Compensation 413** 🗝 **2093**

413 Workers' Compensation
    413XX Effect of Act on Other Statutory or Common-Law Rights of Action and Defenses
        413XX(A) Between Employer and Employee
            413XX(A)1 Exclusiveness of Remedies Afforded by Acts
                413k2093 k. Willful or Deliberate Act or Negligence. Most Cited Cases

**Workers' Compensation 413** 🗝 **2168**

413 Workers' Compensation
    413XX Effect of Act on Other Statutory or Common-Law Rights of Action and Defenses
        413XX(C) Action Against Third Persons in General for Employee's Injury or Death
            413XX(C)1 Right of Action of Employee or Representative Generally
                413k2160 What Persons Liable as Third Persons
                413k2168 k. Co-Employee, or Agent or Officer of Employer of Injured Person. Most Cited Cases
Under California law, employee's claims against employer and supervisors for negligent infliction of emotional distress (NIED), and intentional infliction of emotional distress (IIED), arising from employment relationship, as well as negligence, were within exclusive remedy provisions of California Workers' Compensation Act. West's Ann.Cal.Labor Code § 3600 et seq.

[10] **Workers' Compensation 413** 🗝 **2093**

413 Workers' Compensation
    413XX Effect of Act on Other Statutory or Common-Law Rights of Action and Defenses
        413XX(A) Between Employer and Employee
            413XX(A)1 Exclusiveness of Remedies Afforded by Acts
                413k2093 k. Willful or Deliberate Act or Negligence. Most Cited Cases
Employee's claim against employer and supervisors for failure to provide safe work environment fell within exclusivity provisions of the California Workers' Compensation Act. West's Ann.Cal.Labor Code § 3600 et seq.

*554 Appeal from the United States District Court for the Central District of California Manuel L. Real, District Judge, Presiding.

Before GOODWIN, PREGERSON, and TROTT, Circuit Judges.

MEMORANDUM [FN**]

    FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

**1 Mary Beth Schaffer appeals the summary judgment in favor of her former employer, Verizon Data,[FN1] and supervisors Roger Schueller, and Chris Poehlman. For the reasons that follow, we affirm.

    FN1. At the time of Schaffer's employment, "Verizon Data" was known as "GTE Data." "GTE Data" changed its name to "Verizon Data" following the June 2000 merger of GTE with Bell Atlantic.

Subject matter jurisdiction.

[1] At the time of removal to federal court, Schaffer's complaint had alleged a violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), codified at 29 U.S.C. § 1161 et seq. Because Schaffer's complaint presented a federal question on its face, the removal of both her federal and state law claims was proper. See 28 U.S.C. §§ 1331, 1441(a) & (c).

Schaffer's subsequent amendment of her complaint to

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

40 Fed.Appx. 552  
40 Fed.Appx. 552, 2002 WL 1354703 (C.A.9 (Cal.))  
(Not Selected for publication in the Federal Reporter)  
40 Fed.Appx. 552,   (C.A.9 (Cal.))2002 WL 1354703

Page 4

eliminate the federal question did not deprive the district court of jurisdiction over Schaffer's state law claims. See Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir.1998) (providing that "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based"). Accordingly, the district court had subject matter jurisdiction.

Summary judgment in favor of the defendants.[FN2]

> FN2. Schaffer appeals the district court's entry of summary judgment in favor of defendants with respect to her second, third, fifth, sixth, eighth, ninth, tenth and eleventh causes of action. In her opposition to the defendants' motion for summary judgment, Schaffer abandoned: (1) her first cause of action for violation of the Unruh Act; (2) her fourth cause of action for sexual harassment; and (3) her seventh cause of action for constructive termination. Accordingly, we do not address these three causes of action on appeal.

A. *Schaffer's second cause of action*

Schaffer's second cause of action alleges gender discrimination on the part of Verizon and Schueller in violation of the Fair Employment and Housing Act ("FEHA") (Cal. Gov.Code § 12900 *et seq.*). Schaffer alleges that her employer discriminated against her by denying her certain training opportunities; berating her for failing to follow work-related procedure; providing her with a less desirable cubicle than her *555 male counterparts; denying her Internet access; denying her access to a company vehicle; and paying her less than her male counterparts.

[2][3] Schaffer's complaints about her cubicle, lack of Internet access, lack of access to a company vehicle, and denial of training fail because the conduct complained of does not constitute adverse employment action. See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir.1998) (observing that in order to make prima facie claim for gender discrimination under FEHA, plaintiff must show, *inter alia,* that employer subjected plaintiff to an adverse employment action); Soldinger v. Northwest Airlines Inc., 51 Cal.App.4th 345, 58 Cal.Rptr.2d 747, 760 (Cal.Ct.App.1996). Schaffer neither alleges facts nor adduces evidence showing how this conduct had any material, let alone a substantial and detrimental, effect upon her employment. See Thomas v. Dep't of Corrections, 77 Cal.App.4th 507, 91 Cal.Rptr.2d 770, 773 (Cal.Ct.App.2000) (holding that, in order to state cause of action for discrimination under FEHA, plaintiff must allege conduct amounting to "adverse employment action" by alleging facts that evidence "both a substantial and detrimental effect" upon plaintiff's employment).[FN3] Similarly, work-related *556 reprimands directed to employees by management do not amount to adverse employment action. See Khachikian v. Devry Ins. of Tech., No. 01CV05935, 2002 WL 84149, at *8 (C.D.Cal. Jan.14, 2002)

> FN3. According to the dissent, in Ray v. Henderson, 217 F.3d 1234 (9th Cir.2000), a Ninth Circuit case addressing what constitutes "adverse employment action" under Title VII (i.e., under federal law), this court "overruled" Thomas v. Department of Corrections, 77 Cal.App.4th 507, 91 Cal.Rptr.2d 770 (Cal.Ct.App.2000), a California state appellate court decision addressing what constitutes "adverse employment action" under FEHA (i.e., under California law). Ray did not overrule Thomas, and Thomas remains good law in California. See, e.g., Akers v. County of San Diego, 95 Cal.App.4th 1441, 116 Cal.Rptr.2d 602, 612 (Cal.Ct.App.2002) (agreeing with Thomas court that "to be actionable, the [employer's conduct] must result in a substantial adverse change in the terms and conditions of the plaintiff's employment" and concluding that an employer's conduct "constitutes actionable retaliation only if it had a substantial and material adverse effect on the terms and conditions of the plaintiff's employment").

> Further, when interpreting a California statute like FEHA in the absence of a federal question, this court is bound by decisions of the California Supreme Court which interpret FEHA, not by decisions of federal courts which interpret Title VII. See Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir.2001)

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Case 4:08-cv-03098-WDB   Document 12   Filed 07/18/2008   Page 8 of 11

40 Fed.Appx. 552                                                                                                        Page 5
40 Fed.Appx. 552, 2002 WL 1354703 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
40 Fed.Appx. 552,   (C.A.9 (Cal.))2002 WL 1354703

("When interpreting state law, federal courts are bound by decisions of the state's highest court.") (quoting *Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996)); *Strother v. S. Cal. Permanente Med. Group,* 79 F.3d 859, 865 (9th Cir.1996) (same).

Where, as here, the California Supreme Court has not yet addressed the particular issue of statutory interpretation with which we are confronted, "a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Strother,* 79 F.3d at 865. In making our "prediction," however, not all of these various legal authorities carry the same weight. Specifically, "[i]n the absence of convincing evidence that the state supreme court would decide differently, a federal court *is obligated to follow the decisions of the state's intermediate courts.*" *Easyriders Freedom F.I.G.H.T. v. Hannigan,* 92 F.3d 1486, 1494 n. 4 (9th Cir.1996) (citation and quotations omitted) (emphasis added).

Here, there is no convincing evidence that, in interpreting FEHA, the California Supreme Court would construe the phrase "adverse employment action" differently from the way in which California's intermediate appellate courts have construed that phrase. Nor does the mere fact that California state courts have, of their own volition, looked to federal court decisions interpreting Title VII to assist them in interpreting FEHA, *see, e.g., Reno v. Baird,* 18 Cal.4th 640, 76 Cal.Rptr.2d 499, 957 P.2d 1333, 1337 (Cal.1998), somehow provide us with the power to substitute our own interpretation of a *federal statute* for an intermediate state appellate court's interpretation of an analogous *state statute.* Accordingly, we follow our own precedent, and decline to accept the dissent's invitation to rewrite California law in our own image.

**\*\*2** [4] Schaffer has made out a prima facie case, however, with respect to her pay discrimination claim. See *Godwin,* 150 F.3d at 1220. Schaffer alleged that two male employees, her husband, and a Mr. Weiss, both of whom were hired to perform the same job as Schaffer, were offered salaries of $50,000 per year whereas Schaffer was offered only $45,000 per year.

[5] If the plaintiff makes a prima facie showing, then the burden shifts to the defendant to articulate a nondiscriminatory reason for the allegedly discriminatory conduct. *Godwin,* 150 F.3d at 1220. Here, Verizon met this burden by establishing that it sets a "salary range" for each open position. In deciding where in the salary range to place a new employee, Verizon takes into account the new hire's background and experience as well as the prior salary. Verizon established that, at the time of her hire, appellant was earning $30,000 per year. By contrast, her husband had been earning $38,000 per year, and Mr. Weiss was earning $60,000 per year. With respect to background and experience, Verizon also proved that appellant had less relevant technical experience than the two males. Most significantly, Schaffer lacked experience with "Banyan Vines"-a sophisticated software system used by Verizon to network computers.

The burden then fell on Schaffer to show that Verizon's reasons were merely a pretext for discrimination. Because Schaffer's evidence of pretext is entirely circumstantial, Schaffer must produce both "substantial" and "specific" evidence of pretext. See *Godwin,* 150 F.3d at 1221-22 (holding that plaintiff may show pretext by either (1) offering "very little" direct evidence of discriminatory motive, or (2) offering "specific" and "substantial" circumstantial evidence tending to show that the employer's proffered motives were not the employer's actual motives).

Schaffer relies almost exclusively on her complaint and on her own declaration (which essentially amounts to a restatement of her complaint) as evidence of pretext. This type of opinion evidence is not sufficient to defeat the defendants' motion for summary judgment. See *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 809 (9th Cir.1988) ("The declarations appellants submitted when seeking

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Case 4:08-cv-03098-WDB     Document 12     Filed 07/18/2008     Page 9 of 11

40 Fed.Appx. 552                                                                                                          Page 6
40 Fed.Appx. 552, 2002 WL 1354703 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
40 Fed.Appx. 552,   (C.A.9 (Cal.))2002 WL 1354703

reconsideration of summary judgment merely restated the pleadings ... Federal Rule 56(e) does not allow a party to oppose summary judgment on the pleadings themselves.")

Schaffer does, however, set forth some specific evidence in support of her pay discrimination claim. Schaffer points to, *inter alia,* a Verizon job description and the declaration of her husband, both of which she claims demonstrate that Banyan experience was not really a requirement of the job for which she was hired.

Nonetheless Schaffer's proffered evidence is insufficient to show pretext on the part of Verizon. First, Schaffer's characterization of the evidence is misleading. For example, although Schaffer correctly observes that the Verizon job description does not mention Banyan experience as a job requirement, she fails to observe that the job description explicitly states: "This description provides a brief outline of the position responsibilities and is not intended to be all inclusive of all aspects of the position." Even if we were to find that Schaffer's evidence supported her position, however, we would nevertheless reject her challenge because the circumstantial evidence adduced by Schaffer, though specific, is not substantial enough to demonstrate*557 pretext. *See Godwin,* 150 F.3d at 1221-22. Accordingly, we affirm the summary judgment in favor of Verizon on Schaffer's gender discrimination claim.

**\*3** [6] Summary judgment in favor of defendant Schueller on the gender discrimination claim was also free from error because, under *Reno v. Baird,* 18 Cal.4th 640, 76 Cal.Rptr.2d 499, 957 P.2d 1333, 1347 (Cal.1998), supervisors may not be sued individually under FEHA for alleged discriminatory acts.

*B. Schaffer's third cause of action*

Schaffer's third cause of action alleges pregnancy discrimination by Verizon. Schaffer contends that she was not provided "adequate accomodation for her pregnancy in that Defendants continued to expect Plaintiff, as a condition of employment, to move 60 lb. bins ... and Defendants threaten[ed] Plaintiff with adverse employment impacts if she continued in not moving the heavy bins."

[7] Schaffer fails to point to any evidence tending to show that her employer discriminated against her, let alone that her employer discriminated against her on the basis of her pregnancy. To the contrary, the evidence strongly suggests that Schaffer's employer made concessions to Schaffer on account of her pregnancy. For example, Schaffer testified in her deposition that when she told her supervisor that she was pregnant and did not want to lift computer servers, the supervisor agreed that Schaffer did not need to do any lifting. The district court did not err in granting Verizon summary judgment.

*C. Schaffer's fifth and sixth causes of action*

[8] Schaffer's fifth and sixth causes of action allege wrongful constructive termination in violation of public policy and tortious wrongful termination in violation of public policy. These claims fail for two reasons. First, Schaffer fails to point to any evidence tending to show that the defendants violated public policy. *See Lagatree v. Luce, Forward, Hamilton & Scripps LLP,* 74 Cal.App.4th 1105, 88 Cal.Rptr.2d 664, 669 (Cal.Ct.App.1999). Second, the working conditions alleged by Schaffer were not so extreme as to have compelled a reasonable employee to resign. *See Cloud v. Casey,* 76 Cal.App.4th 895, 90 Cal.Rptr.2d 757, 761 (Cal.Ct.App.1999). The summary judgment in favor of defendants on these claims is affirmed.

*D. Schaffer's eighth, ninth and tenth causes of action*

[9] Schaffer's eighth, ninth, and tenth causes of action allege negligent infliction of emotional distress, intentional infliction of emotional distress, and negligence. The infliction of emotional distress claims fail because, under California law, claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers' Compensation Act.[FN4]*See Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 233 Cal.Rptr. 308, 729 P.2d 743, 750 (Cal.1987) ("[W]hen the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions,*558 criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

40 Fed.Appx. 552                                                                                         Page 7
40 Fed.Appx. 552, 2002 WL 1354703 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
40 Fed.Appx. 552,   (C.A.9 (Cal.))2002 WL 1354703

provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability."); Haynal v. Target Stores, No. 96-1599-K(RBB), 1996 WL 806706, at *6 (S.D.Cal. Dec.9, 1996).

> FN4. The dissent's discussion of the law on this point is simply irrelevant. As discussed above, Schaffer's claims for wrongful termination in violation of public policy are insufficient to withstand defendants' motion for summary judgment. Accordingly, although a plaintiff with a tort cause of action for wrongful termination in violation of public policy can recover emotional distress damages as a component of compensatory damages, Schaffer is unable to do so because she lacks a meritorious wrongful termination claim.

**4 Similarly, Schaffer's negligence claim fails because claims for negligence are within the exclusive remedy provisions of the California Workers' Compensation Act. See Coit Drapery Cleaners v. Sequoia Ins. Co., 14 Cal.App.4th 1595, 18 Cal.Rptr.2d 692, 699 (Cal.Ct.App.1993); see also Haynal, 1996 WL 806706, at *6 (holding that employee's negligence claims brought against employer, arising from conduct occurring in course of employment, were barred by workers' compensation laws).

Additionally, a necessary element of a claim for intentional infliction of emotional distress is outrageous conduct by the defendant. Schaffer fails to allege outrageous conduct by the defendants. See Janken v. GM Hughes Elecs., 46 Cal.App.4th 55, 53 Cal.Rptr.2d 741, 756 (Cal.Ct.App.1996); Ankeny v. Lockheed Missiles & Space Co., 88 Cal.App.3d 531, 151 Cal.Rptr. 828, 831 (Cal.Ct.App.1979). We affirm the summary judgment in favor of defendants on these claims.

*(5) Schaffer's eleventh cause of action*

[10] Schaffer's eleventh cause of action charges Verizon with failure to provide a safe work environment in violation of California Labor Code section 6400-03. This claim fails because, under California law, a cause of action for failure to provide a safe work environment falls within the exclusivity provisions of the California Workers' Compensation Act. See Gunnell v. Metrocolor Labs., Inc., 92 Cal.App.4th 710, 112 Cal.Rptr.2d 195, 197 (Cal.Ct.App.2001) (observing that California Workers' Compensation Act provides the exclusive remedy for injuries caused by employer's concealment of unsafe working conditions and violation of safety regulations).

AFFIRMED.

PREGERSON, Circuit Judge, Dissenting.
I dissent from the majority's affirmation of the District Court's grant of summary judgment in favor of Verizon on Schaffer's second cause of action for gender discrimination. I do so because the majority incorrectly applies the law.

First, the majority incorrectly relies on Thomas v. Dep't of Corrections, 77 Cal.App.4th 507, 91 Cal.Rptr.2d 770, 772-73 (Ct.App.2000), to reject Schaffer's gender discrimination claim because "Schaffer neither alleges facts nor adduces evidence showing how [Verizon's] conduct had any *material, let alone substantial and detrimental, effect upon her employment.*" (Emphasis added.) The Thomas court, finding no California or Ninth Circuit authority, relied exclusively-and without comment or reasoning of its own-on out-of-circuit authority for the proposition that employer conduct must "be both detrimental and substantial" and "result in a material change in the terms of [the employee's] employment" in order to qualify as an adverse employment action. 91 Cal.Rptr.2d at 772-73 (noting that "most circuits" required this). But shortly after Thomas was decided, we held that "[w]hile some [employment] actions that we consider to be adverse ... do 'materially affect the terms and conditions of employment,' others ... do not." Ray v. Henderson, 217 F.3d 1234, 1242 (9th Cir.2000). I believe that had the Thomas Court had the *559 benefit of our Ray opinion, it would have followed Ray rather than out-of-circuit authority. I further believe that were the California Supreme Court to consider the matter, it would follow Ray rather than the unreasoned adoption of out-of-circuit authority in Thomas.These beliefs are not undermined by Akers v. County of San Diego, 95 Cal.App.4th 1441, 116 Cal.Rptr.2d 602 (Ct.App.2002), which relied on Thomas after Ray.The Akers court cited to Ray, but only

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

40 Fed.Appx. 552
40 Fed.Appx. 552, 2002 WL 1354703 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
40 Fed.Appx. 552, (C.A.9 (Cal.))2002 WL 1354703

Page 8

"generally" and in connection with the proposition that "a plethora of federal courts have considered the issue [of the meaning of an adverse employment action] and have reached differing conclusions." *Akers,* 116 Cal.Rptr.2d at 611. The *Akers* court did not even mention, let alone discuss, our holding in *Ray* that an adverse employment action does not have to "materially affect the terms and conditions of employment." *Ray,* 217 F.3d at 1242. This holding, therefore, remains persuasive.

**5 Second, I would conclude that Schaffer's circumstantial evidence is sufficiently specific and substantial to rebut Verizon's non-discriminatory reasons, as required by *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir.1998). When viewed in the aggregate and in the light most favorable to her, Schaffer's evidence constitutes specific and substantial evidence that Verizon's decision to pay Schaffer $5,000 less than her male counterparts was motivated by discriminatory animus, rather than by the non-discriminatory reasons offered by Verizon. See *Bergene v. Salt River Project Agric. Improvement and Power Dist.,* 272 F.3d 1136, 1143 (9th Cir.2001).

Schaffer's husband earned *$38,000* at the time of hire and Mr. Weiss earned *$60,000,* yet both were offered the *same salary,* $50,000, and Schaffer was offered only $45,000. Schaffer's husband had *several years* Banyan experience and Mr. Weiss had at most *several months,* yet both were offered the *same salary,* $50,000, and Schaffer was offered only $45,000. A reasonable jury could conclude on the basis of this specific and substantial evidence that the only thing that Schaffer's husband and Mr. Weiss had in common and that set them apart from Schaffer was that they were male and that she was female. A reasonable jury could further conclude on the basis of this specific and substantial evidence that it was this gender difference, rather than the non-discriminatory reasons offered by Verizon, that motivated the pay differential. The District Court's grant of summary judgment in favor of Verizon on Schaffer's second cause of action for gender discrimination should therefore be reversed.

Finally, the majority's statement in connection with Schaffer's ninth cause of action for intentional infliction of emotional distress that "under California law, claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers' Compensation Act" misstates California law. Rather, under California law, "a plaintiff *can* recover for infliction of emotional distress [within the context of the employment relationship] if he or she has a tort cause of action for wrongful termination in violation of public policy ... because then, emotional distress damages are simply a component of compensatory damages." *Phillips v. Gemini Moving Specialists,* 63 Cal.App.4th 563, 74 Cal.Rptr.2d 29, 38 (Ct.App.1998) (citing *Gantt v. Sentry Ins.,* 1 Cal.4th 1083, 4 Cal.Rptr.2d 874, 824 P.2d 680, 691-92 (Cal.1992), *overruled on other grounds, Green v. Ralee Eng'g Co.,* 19 Cal.4th 66, 78 Cal.Rptr.2d 16, 960 P.2d 1046 (Cal.1998)) (emphasis*560 in original).[FN1] I nevertheless agree with the majority that Schaffer's claim for intentional infliction of emotional distress must fail because she does not allege conduct by Verizon that qualifies as "outrageous conduct beyond the bounds of human decency" as required by *Janken v. GM Hughes Elecs.,* 46 Cal.App.4th 55, 53 Cal.Rptr.2d 741, 756 (Ct.App.1996).

> FN1. That Schaffer may not have a valid claim for wrongful termination does not make this discussion "irrelevant," as the majority suggests. The majority's statement of the law remains incorrect, whatever the facts of this case.

**6 I respectfully dissent.

C.A.9 (Cal.),2002.
Schaffer v. GTE, Inc.
40 Fed.Appx. 552, 2002 WL 1354703 (C.A.9 (Cal.))

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.