SOFIAN DAWOOD 250363
LAW OFFICES OF SOFIAN SOLOMON DAWOOD
7170 N. Financial Dr., Suite 101
Fresno, California 93720
Telephone: (559) 447-8768
Facsimile: (559) 447-8765

Attorneys for Plaintiff
CHARLENE SHOEMAKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

* * *

| | |
|---|---|
| CHARLENE SHOEMAKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>R & L BROSAMER, INC., a California corporation; GUY CULP, an individual; JOHN POLEGARD, an individual; SHAWN OTHEIN, an individual; JOSE ESCOBEDO, an individual; and DOES 1 through 120, inclusive,<br><br>Defendants. | Case No. CV 08-3098<br><br>**NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  September 24, 2008<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 4<br>Judge:  Wayne D. Brazil<br>Place:  United States District Court<br>           450 Golden Gate Ave.<br>           San Francisco, California 94102 |

TO THE HONORABLE WAYNE D. BRAZIL, TO DEFENDANTS AND DEFENDANTS' COUNSEL, AND TO ALL OTHER INTERESTED PARTIES AND THEIR ATTOREYS:

NOTICE IS HEREBY GIVEN that Plaintiff CHARLENE SHOEMAKER ("Plaintiff" or "SHOEMAKER")'s Motion for Remand ("Motion") will be heard on September 24, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California 94102, before the Honorable WAYNE D. BRAZIL.

///

Plaintiff, by and through her attorneys, will, and hereby does, move this Court for an Order remanding the above-captioned matter, in its entirety, to the Superior Court for the County of Contra Costa ("State Court"); or, alternatively, to stay or, alternatively, dismiss the alleged federal claims and to remand the supplemental state claims to the State Court. This Motion is based on the ground that this Court lacks subject matter jurisdiction to hear the removed claims. The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and papers filed herein, and any other evidence and argument presented at the time of the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided in this Motion are as follows: 1) whether the federal court has original jurisdiction to hear the removed claims, or, more specifically, whether Plaintiff's Complaint states a federal question; and 2) even if this Court determines that it has original jurisdiction to hear some of the removed claims, whether the supplemental state claims should be remanded to State Court. For the reasons set forth below, Plaintiff submits that: 1) the federal court does *not* have original jurisdiction to hear the removed claims because neither diversity jurisdiction nor federal question jurisdiction exists; and 2) even if this Court did have original jurisdiction over some of the claims, which it does not, the remaining supplemental state claims should be remanded to State Court.

### II.

### STATEMENT OF FACTS

On April 4, 2008, Plaintiff filed her Complaint against Defendants R & L BROSAMER, INC., a California corporation ("BROSAMER"); GUY CULP, an individual ("CULP"); JOHN POLEGARD, an individual ("POLEGARD"); SHAWN OTHEIN ("OTHEIN"), an individual; and JOSE ESCOBEDO, an individual ("ESCOBEDO") (hereinafter sometimes referred to collectively as "Defendants") in State Court. Subsequently, on April 24,

Law Offices of Sofian Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA  93720

2008, Plaintiff filed her First Amended Complaint ("FAC") in the above-captioned matter. Plaintiff's FAC asserts a total of 13 causes of action, <u>all</u> <u>of which are based on California law</u>.

On June 26, 2008, BROSAMER filed its Notice of Removal of Action Under 28 U.S.C. § 1441(b) and 1446 [Federal Question] ("Notice of Removal"), along with other related pleadings, in this Court. BROSAMER bases its Notice of Removal on the asserted grounds that this Court has federal question jurisdiction over at least one of Plaintiff's claims. However, an examination of the FAC reveals that Plaintiff does not assert any claims based on federal law. As such, this Court does not have original jurisdiction to hear Plaintiff's claims and must remand the matter to State Court.

### III.
### LEGAL ARGUMENT

**A.   BECAUSE THIS COURT LACKS ORIGINAL JURISDICTION, IT MUST REMAND THE ENTIRE MATTER TO STATE COURT.**

  **1.   Legal Standard for Determining Federal Jurisdiction on Removal.**

A defendant who removes a case to federal court bears the burden of establishing that proper grounds for federal jurisdiction exist and that all procedural requirements for removal have been met. *See California ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2004); *Miller v. Diamond Shamrock Co.,* 275 F.3d 414, 417 (5th Cir. 2001). Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction" and will reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).

A state-court action may only be removed if it could have originally been filed in federal court. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Thus, absent diversity of citizenship, which is not present in the above-captioned matter and which BROSAMER does not even allege exists, federal question jurisdiction must be present. *Id.* In order for this Court to have federal question jurisdiction with respect to the above-captioned matter, the FAC must state a "claim or right arising under the Constitution, treatises or laws of the United States." *See* 28 U.S.C. § 1441(b). Where the alleged claim arising under federal law does not actually arise

Law Offices of Sofian Solomon Dawood
7170 N. FINANCIAL DRIVE, SUITE 101
FRESNO, CA 93720

1  under federal law, the federal courts lack subject matter jurisdiction—a defect in removal that
2  can be raised at any time.  *See International Primate Protection League v. Admininstrators of*
3  *Tulare Ed. Fund,* 500 U.S. 72, 87 (1991); *Bromwell v. Michigan Mut. Ins. Co.,* 115 F.3d 208,
4  213 (3rd Cir. 1997).
5         BROSMER, as the removing party, has failed to meet its burden of proof that
6  federal question jurisdiction exists.  In support of removal, BROSAMER alleges that Plaintiff
7  has asserted claim(s) that arise under federal law because: 1) Plaintiff "alleges a claim for
8  liquidated damages pursuant to the Fair Standards Labor Act, 29 U.S.C. section 216, subsection
9  (b) for unpaid overtime compensation" (Notice of Removal, 2:6-7); and 2) Plaintiff's "claim for
10 recovery of unpaid wages . . . are based upon, and necessarily involve, construction, application,
11 and interpretation of the terms of the collective bargaining agreement in place between R & L
12 Brosamer, Inc., an employer, and the Associated General Contractors of California, a labor
13 organization representing employees in an industry affecting commerce."   (Notice of Removal,
14 2:12-25).  However, despite BROSAMER's contention that the above federal questions exist, a
15 careful examination of the FAC reveals otherwise.
16        Under the "well-pleaded complaint" rule, federal question jurisdiction only exists
17 where a federal question "is presented *on the face* of the plaintiff's properly pleaded complaint."
18 *Caterpillar Inc.,* 482 U.S. at 392 (emphasis added).  Here, Plaintiff has *not* alleged a claim or
19 right arising under federal law on the face of the FAC.  Indeed, Plaintiff only asserts the
20 following causes of action, <u>all of which are based on California law</u>: 1) Unlawful Harassment
21 Based on Sex in Violation of California Government Code section 12940, *Et Seq.,* 2) Unlawful
22 Discrimination in Pay Based on Sex in Violation of California Labor Code § 1197.5; 3)
23 Unlawful Discrimination Based on Sex in Violation of California Government Code section
24 12940, *Et Seq.,* 4) Unlawful Retaliation in Violation of California Government Code section
25 12940, *Et Seq.,* 5) Wrongful Termination and Retaliation in Violation of Public Policy; 6)
26 Assault; 7) Battery; 8) Intentional Infliction of Emotional Distress; 9) Negligent Infliction of
27 Emotional Distress; 10) Negligent Hiring of Guy Culp; 11) Negligent Retention of Guy Culp;
28 12) Recovery of Unpaid Wages, Including Overtime Compensation; and 13) Recovery of

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA  93720

Waiting Time Penalties. Although BROSAMER is correct in pointing out that Plaintiff has requested liquidated damages pursuant to 29 U.S.C. section 216, Plaintiff's underlying claim for unpaid wages is *not* based on federal law. Rather, Plaintiff's claim is based on very specific state statutes, including California Labor Code sections 201 and 1198. While Plaintiff requested liquidated damages as a component of her request for *damages*, Plaintiff did not allege a cause of action based on federal wage and hour laws. As such, Plaintiff's request for liquidated damages under 29 U.S.C. section 216 cannot be said to constitute a "claim" arising out of federal law. If this Court finds that such a request for damages pursuant to a state-law claim for unpaid wages is improper, Plaintiff respectfully requests that this Court strike said request from the FAC.

Similarly, the alleged existence of a collective bargaining agreement between BROSAMER and the Associated General Contractors of California (the "CBA") cannot serve as a basis for removal. This is because Plaintiff never alleged the existence of the CBA and does not base her claim for unpaid wages on any provision of the alleged CBA. As such, Plaintiff has not presented a claim arising under federal law on the face of the FAC. Instead, the FAC simply asserts that Plaintiff was not paid wages to which she was entitled based on the applicable Industrial Welfare Commission Orders ("IWC Orders") and that BROSAMER violated California Labor Code sections 201 and 1198 as a result of said failure to pay Plaintiff the wages owed to her. It is well-settled law that the plaintiff is the "master" of his or her complaint and can choose to ignore federal claims while pursuing state law claims. *See, e.g., Caterpillar,* 482 U.S. at 392 (plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law"); *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367, 1370 (9th Cir. 1984) (plaintiff is the "master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action"). That is exactly what Plaintiff has done here.

In addition, while BROSAMER appears to be asserting the existence of the CBA *as a defense* to Plaintiff's wage and hour claims, such a defense cannot constitute a basis for removal. This point was made clear by the U.S. Supreme Court in *Caterpillar* when it noted that "a case may *not* be removed to federal court on the basis of a federal defense, including the

defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393.  The Court explained the rationale behind this long-established rule as follows:

> [T]he presence of a federal question, even a §301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.  When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option.  But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.  If a defendant could do so, the plaintiff would be the master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Id.* at 398-399.  Thus, BROSAMER's attempt to insert a federal question into the FAC by alleging the existence of the CBA as a defense cannot constitute a basis for removal.  By choosing to ignore any claims that may arise under the CBA and asserting wage and hour claims based solely on California law, Plaintiff has chosen to proceed on her state law claims only—a right that exclusively belongs to Plaintiff.  Accordingly, federal question jurisdiction does not exist, and this matter must be remanded to State Court.

**B.    EVEN IF THIS COURT HAD JURISDICTION TO HEAR SOME OF PLAINTIFF'S CLAIMS, THE SUPPLEMENTAL STATE CLAIMS SHOULD BE REMANDED TO STATE COURT.**

Even if this Court agrees with BROSAMER's assertion that Plaintiff's claim for unpaid wages and/or request for liquidated damages constitutes a federal claim so as to confer federal question jurisdiction on this Court, any such federal claim(s) should be stayed and/or dismissed, while the remaining supplemental state claims should be remanded to State Court. Where both federal and state law claims are present, a federal court may retain the federal claims while remanding the remaining state law claims to state court. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1196 (9th Cir. 1988).  Similarly, when removal is based on a federal question and

Law Offices of Sofian Solomon Dawood
7170 N. FINANCIAL DRIVE, SUITE 101
FRESNO, CA  93720

the federal claim is dismissed, the court has wide discretion to remand. *Robertson v. Neuromedical Center,* 161 F.3d 292, 296 (5th Cir. 1998). While the decision to remand remains within the discretion of the court, "it is generally preferable for a district court to remand remaining pendent claims to state court." *Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 (1991).

As explained above, the face of the FAC asserts causes of action based exclusively on California law. However, in the event this Court finds that Plaintiff's request for liquidated damages based on her state law wage and hour claim presents a federal question, Plaintiff requests this Court to strike the following portions of the FAC so as to eliminate any such claim based on her request for liquidated damages: page 26, lines 14-15; and page 27, lines 24-26. Moreover, in the event this Court finds that the twelfth cause of action for unpaid wages set forth in the FAC constitutes a federal claim, Plaintiff requests this Court to stay the twelfth cause of action while remanding the supplemental state claims to State Court. Alternatively, Plaintiff requests this Court to dismiss the twelfth cause of action and remand the remaining supplemental state claims to State Court. Because Plaintiff's motion for remand is being made shortly following BROSAMER's removal and prior to this Court having rendered any decisions affecting the merits of Plaintiff's claims, staying and/or dismissing any claims that this Court determines to be federal claims while remanding the supplemental state claims would promote the policies embodied in the well-pleaded complaint rule by allowing Plaintiff to have her state law claims heard in the original forum selected.

## IV.
## CONCLUSION

Because this Court lacks original jurisdiction to hear Plaintiff's claims, Plaintiff respectfully requests that the entire above-captioned matter be remanded to State Court. Alternatively, if this Court finds that a federal question exists, Plaintiff requests that this Court ///

///

///

///

7
NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Law Offices of Sofian Solomon Dawood
7170 N. Financial Drive, Suite 101
Fresno, CA 93720

1. retain and stay, or, alternatively, dismiss, the federal claim(s) and remand the supplemental state
2. claims to State Court.
3. Dated: August 12, 2008                              LAW OFFICES OF SOFIAN SOLOMON
                                                       DAWOOD

                                                       /s/ Sofian Dawood
                                                       SOFIAN DAWOOD
                                                       Attorney for Plaintiff
                                                       CHARLENE SHOEMAKER