SOFIAN DAWOOD 250363
**LAW OFFICES OF SOFIAN SOLOMON DAWOOD**
7170 N. Financial Suite 101
Fresno, California 93720
Telephone: (559) 447-8768
Facsimile: (559) 447-8765

Attorneys for Plaintiff
CHARLENE SHOEMAKER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

* * *

| | |
|---|---|
| CHARLENE SHOEMAKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>R & L BROSAMER, INC., a California corporation; GUY CULP, an individual; JOHN POLEGARD, an individual; SHAWN OTHEIN, an individual; JOSE ESCOBEDO, an individual; and DOES 1 through 120, inclusive,<br><br>Defendants. | Case No. CV 08-3098 WDB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS POLEGAR, OTHEIN, AND ESCOBEDO'S MOTION TO DISMISS**<br><br>Date: September 24, 2008<br>Time: 1:30 p.m.<br>Dept.: Courtroom 4<br>Judge: Magistrate Judge Wayne D. Brazil<br>Place: United States District Court |

Plaintiff CHARLENE SHOEMAKER ("Plaintiff" or "SHOEMAKER") submits the following Memorandum of Points and Authorities in Opposition to Defendants Polegar, Othein, and Escobedo's Motion to Dismiss ("Motion to Dismiss").

## I.

## **STATEMENT OF ISSUES TO BE DECIDED**

The issues to be decided in the Motion to Dismiss are as follows: 1) whether Plaintiff's First Amended Complaint ("FAC") states causes of action against defendants JOHN POLEGAR (erroneously named in the FAC as "JOHN POLEGARD") ("POLEGAR"), SHAWN OTHEIN ("OTHEIN"), and JOSE ESCOBEDO ("ESCOBEDO") (hereinafter sometimes

Law Offices of Sofian Solomon Dawood
7170 N. Financial Drive, Suite 101
Fresno, CA 93720

1
Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants Polegar, Othein, and Escobedo's Motion to Dismiss

referred to collectively as "Defendants") for retaliation in violation of California's Fair Employment and Housing Act ("FEHA") and for wrongful termination and retaliation in violation of public policy; and 2) whether Plaintiff's FAC states causes of action against Defendants for intentional and negligent infliction of emotional distress.

## II.

## STATEMENT OF FACTS

On April 4, 2008, Plaintiff filed her Complaint against Defendants R & L BROSAMER, INC., a California corporation ("BROSAMER"); GUY CULP, an individual ("CULP"); POLEGAR; OTHEIN; and ESCOBEDO in State Court. Subsequently, on April 24, 2008, Plaintiff filed her First Amended Complaint ("FAC") in the above-captioned matter. The FAC asserts a total of 13 causes of action based on California law, all of which arise out of Plaintiff's employment with BROSAMER. In addition to asserting a variety of causes of action against BROSAMER based on the severe and pervasive harassment and discrimination to which she was subjected throughout the course of her employment at BROSAMER, Plaintiff has alleged causes of action against CULP, POLEGAR, OTHEIN, and ESCOBEDO as individuals.

On June 26, 2008, BROSAMER filed its Notice of Removal of Action Under 28 U.S.C. § 1441(b) and 1446 [Federal Question] ("Notice of Removal"), along with other related pleadings, in this Court. Shortly thereafter, Plaintiff filed a Request for Dismissal in State Court, requesting that the fourth and fifth causes of action for retaliation in violation of FEHA and wrongful termination and retaliation in violation of public policy, respectively, be dismissed as to POLEGAR, OTHEIN, and ESCOBEDO. Subsequently, Plaintiff learned that the Notice of Removal had been filed in this Court and, in response, filed a motion to remand the matter to State Court ("Motion for Remand"). Plaintiff's Motion for Remand is scheduled to be heard on the same day and time as the hearing on Defendants' Motion to Dismiss.

Given that the fourth and fifth causes of action of the FAC would have been dismissed as to POLEGAR, OTHEIN, and ESCOBEDO but for BROSAMER's filing of the Notice of Removal, Plaintiff does not oppose the dismissal of said causes of action as to those Defendants only. However, because the facts alleged in the FAC are sufficient to constitute

Law Offices of Sofian Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

causes of action against Defendants for intentional and negligent infliction of emotional distress, as explained below, this Court should *not* dismiss said causes of action.

### III.

### LEGAL ARGUMENT

**A.  THE LEGAL STANDARD APPLICABLE TO RULE 12(b)(6) MOTIONS TO DISMISS FAVORS DENIAL OF SAID MOTIONS.**

Federal courts typically view Rule 12(b)(6) motions to dismiss with disfavor and rarely grant them.  *See Gilligan g. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (internal quotes omitted); *Colle v. Brazos County, Texas,* 981 F.2d 237, 243 (5th Cir. 1997). Indeed, dismissal under Rule 12(b)(6) is proper only in "extraordinary" cases. *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981); *Cauchi v. Brown,* 51 F.Supp.2d 1014, 1016 (E.D. Cal. 1999); *United Stated v. White,* 893 F.Supp. 1423, 1428 (C.D. Cal. 1995).

In ruling on a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether such allegations entitle the plaintiff to relief.  *See* Schwarzer & Tashima, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial* (Rutter Group 2008), § 9:188*; see Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).  A court must determine whether the facts alleged, when taken as true, would entitle the plaintiff to some form of legal remedy.  Unless the answer is unequivocally "no," the Rule 12(b)(6) motion to dismiss must be denied.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978); *SEC v. Cross Financial Services, Inc.,* 908 F.Supp. 718, 726-727 (C.D. Cal. 1995); *Beliveau v. Caras,* 873 F.Supp. 1393, 1395 (C.D. Cal. 1995); *United States v. White,* 893 F.Supp. 1423, 1428 (C.D. Cal. 1995).  Thus, "a suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Hearn v. R.J. Reynolds Tobacco Co.,* 279 F.Supp.2d 1096, 1101 (D. Ariz. 2003).

///
///
///

Law Offices of Sofian Solomon Dawood
7170 N. FINANCIAL DRIVE, SUITE 101
FRESNO, CA 93720

3
Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants Polegar, Othein, and Escobedo's Motion to Dismiss

B. **PLAINTIFF DOES NOT OPPOSE DISMISSAL OF THE FOURTH AND FIFTH CAUSES OF ACTION AGAINST POLEGAR, OTHEIN, AND ESCOBEDO.**

The case law upon which Defendants base their Motion to Dismiss with respect to the fourth and fifth causes of action for retaliation in violation of FEHA and wrongful termination and retaliation in violation of public policy (the "Retaliation Causes of Action"), *Jones v. Lodge at Torrey Pines Partnership,* 42 Cal.4th 1158, 1161 (2008), was decided in March of 2008—just before Plaintiff filed her Complaint in State Court.  Prior to the *Jones* decision, case law interpreting FEHA's retaliation provision held that non-employer individuals *could* be held personally liable for retaliation in violation of FEHA.  *See Taylor v. City of Los Angeles Dept. of Water & Power,* 144 Cal.App.4th 1216 (2006); *Walrath v. Sprinkel,* 99 Cal.App.4th 1237 (2002).  Plaintiff concedes that the Court's decision in *Jones* changed pre-existing case law, holding that non-employer individuals cannot be held personally liable for retaliation under FEHA.

As stated above, Plaintiff filed a Request for Dismissal in State Court as to the Retaliation Causes of Action against POLEGAR, OTHEIN, and ESCOBEDO in recognition of the above-noted change in California case law with respect to retaliation under FEHA.  However, unbeknownst to Plaintiff at the time of filing said Request for Dismissal, BROSAMER had already removed this matter to federal court.  Thus, Plaintiff does not oppose dismissal of the Retaliation Causes of Action as to POLEGAR, OTHEIN, and ESCOBEDO only.

C. **PLAINTIFF'S INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CAUSES OF ACTION SHOULD NOT BE DISMISSED.**

1. **Plaintiff Has Established All Elements of Her Claim for Intentional Infliction of Emotional Distress Against Defendants.**

The facts set forth in the FAC establish all necessary elements of Plaintiff's cause of action against Defendants for intentional infliction of emotional distress.  Defendants argue that the conduct alleged in the FAC is insufficient to constitute the "outrageous conduct" element of a claim for intentional infliction of emotional distress.  However, the facts set forth in the FAC are sufficient to establish "outrageous conduct."

Law Offices of Sofian Solomon Dawood
7170 N. Financial Drive, Suite 101
Fresno, CA 93720

4
Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants Polegar, Othein, and Escobedo's Motion to Dismiss

Here, Plaintiff alleges that she was subjected to unlawful harassment and discrimination while employed at BROSAMER, which took place in the form of repeated unwelcome and offensive touchings by CULP, as well as both verbal and visual harassment. The FAC alleges that each of the Defendants was Plaintiff's supervisor. The FAC further alleges that Plaintiff repeatedly complained to higher management at BROSAMER, including, but not limited to, CULP, OTHEIN, POLEGARD, and ESCOBEDO, of the unlawful sex-based harassment and discrimination set forth in the FAC. This supervisor-subordinate employee relationship between each of the Defendants and Plaintiff should be considered as a factor in determining the outrageousness of Defendants' conduct. *See Alcorn v. Anbro Engineering, Inc.,* 2 Cal.3d 493, 498 (1970) (in finding that the plaintiff had stated a cause of action for intentional infliction of emotional distress against the defendants, which included individuals, the court noted that the defendants' position or relation of authority over the plaintiff was a factor to be considered). After alleging the position of authority that Defendants held over Plaintiff as her supervisors, the FAC goes on to allege that Defendants "[f]ailed to provide Plaintiff with employment conditions and a relationship where she could safely work, free from physically threatening, visual, and/or verbal harassment and/or discrimination;" "[f]ailed to respond adequately or effectively to Plaintiff's complaints of reasonably perceived sexual harassment and/or discrimination;" "[f]ailed to timely, thoroughly, and/or objectively investigate Plaintiff's complaints of reasonably perceived sexual harassment and/or discrimination;" "[r]etaliated against Plaintiff for her complaints of and/or opposition to reasonably perceived unlawful harassment and/or discrimination in the workplace;" "[d]emoted, constructively discharged, and discriminated against Plaintiff for her complaints of and opposition to reasonably perceived unlawful harassment and/or discrimination in the workplace;" "[f]ailed to take appropriate action when they knew, or should have known, of the unlawful harassment of, retaliation against, discharge, and/or discrimination against Plaintiff;" "[f]ailed to take appropriate and/or effective remedial action against those who perpetrated, acquiesced and ratified, or ignored the unlawful harassment and/or discrimination of Plaintiff and retaliated, discharged, and/or discriminated against Plaintiff;" "[f]ailed to adopt and/or disseminate, adhere to, or enforce an effective anti-

Law Offices of Sofian Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA  93720

5
Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants Polegar, Othein, and Escobedo's Motion to Dismiss

sexual harassment and/or discrimination policy with respect to management, supervisors, staff, and employees;" and "[ai]ded and abetted each other in committing these wrongful acts."

Taking the above allegations as true, which this Court must when considering Defendants' Motion to Dismiss, Plaintiff has clearly established sufficient facts upon which a jury could reasonably conclude that Defendants' conduct was "outrageous" within the meaning of the law. Although Defendants argue that "[w]hether a defendant's conduct may reasonably be found to be outrageous is a question of law that must initially be determined by the court," it should be noted that Defendants have grossly misstated the law of the case they cite, *Trerice v. Blue Cross of California,* 209 Cal.App.3d 878, 883 (1989). In contrast to Defendants' misstatement of the law, what the *Trerice* court actually stated was that "the outrageousness of a defendant's conduct *normally* presents an issue of fact to be determined by the trier of fact." *Id.* at 883 (emphasis added). The *Trerice* court went on to note that "the court *may* determine in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Id.* (emphasis added). Thus, the court recognized that while certain instances may warrant a court's initial determination that the alleged conduct is not so outrageous to allow for recovery, such a determination is *normally* left to the ultimate trier of fact—the jury. Where it is possible for reasonable men to differ, "it is for the jury . . . to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." *Alcorn,* 2 Cal.3d at 499 (internal quotes and citations omitted). Because the facts set forth in the FAC are such that reasonable men could differ as to whether the conduct of Defendants was outrageous, such question must be left for the jury to decide.

### 2. Plaintiff Has Established All Elements of Her Claim for Negligent Infliction of Emotional Distress Against Defendants.

The facts set forth in the FAC establish all necessary elements of Plaintiff's cause of action against Defendants for negligent infliction of emotional distress. Defendants argue that the conduct alleged in the FAC is insufficient to demonstrate the existence of a duty owed by Defendants to Plaintiff because Defendants, as individuals, did not owe a duty to Plaintiff. However, this is simply not the case.

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

As correctly noted by Defendants, the tort of negligent infliction of emotional distress is not an independent tort. *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.,* 48 Cal.3d 583, 588 (1989). Rather, "the traditional elements of duty, breach of duty, causation, and damages apply." *Id.* (internal quotes and citation omitted). However, whether a defendant, including an individual defendant, owes a duty of care to another individual "depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability." *Id.* (internal quotes and citation omitted). Here, the FAC alleges that Defendants owed Plaintiff a duty of care to act "in a reasonable manner *and* provide a workplace free of unlawful harassment, discrimination, and retaliation" (emphasis added). Although Defendants argue that only employers, not individual supervisors, owe a duty "to take all reasonable steps necessary to prevent discrimination and harassment," that is *not* the only duty alleged in the FAC, as is demonstrated by Plaintiff's use of the term "and" in the above-quoted language from the FAC. Thus, the FAC alleges that, *in addition to* the duty to provide a workplace free of unlawful harassment, discrimination, and retaliation, all of the defendants owe a duty of care toward Plaintiff to act in a "reasonable manner." Accordingly, while BROSAMER owed Plaintiff a duty to act in a reasonable manner *and* to provide a workplace free of unlawful harassment, discrimination, and retaliation, it can be said that the individual defendants only owe her the duty to act in a reasonable manner.

The existence of a duty of care owed by Defendants to Plaintiff is made evident by the facts set forth in the FAC, which clearly demonstrate the foreseeability of the risk that Defendants' conduct would result in Plaintiff suffering severe emotional distress. In addition, policy considerations favor imposing such a duty on individual defendants so that individuals, who control their own actions, will take responsibility for their conduct and act reasonably so as not to cause foreseeable harm to others. As such, the facts set forth in the FAC are sufficient to establish the existence of a duty owed to Plaintiff by the Defendants, as individuals, the breach of which proximately caused severe emotional distress and resulting damages to Plaintiff. Thus, Plaintiff has alleged sufficient facts to establish all necessary elements of her negligent infliction of emotional distress claim against Defendants.

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA  93720

3. **<u>Dismissing Plaintiff's Retaliation Causes of Action Against the Defendants Does Not Warrant Dismissal of Her Intentional and Negligent Infliction of Emotional Distress Causes of Action.</u>**

Defendants further argue that because individual defendants cannot be held liable for retaliation in violation of FEHA, neither can they be held liable for intentional or negligent infliction of emotional distress. However, it is not unusual to encounter a set of facts that may not fit into one cause of action while, at the same time, fitting squarely within another. The only case law cited by Defendants in support of their proposition (*Phillips v. Gemini Moving Specialists, et al.,* 63 Cal.App.4th 563 (1998)) involves facts that are clearly distinguishable from those of the present case.

In *Phillips,* the court found that the plaintiff's causes of action for wrongful termination in violation of public policy and infliction of emotional distress could not be brought against the individual defendant, who was the employer's paymaster. *Id.* at 575-578. That case involved the employer's improper deductions from the employee's payroll, which was accomplished through the defendant paymaster, as well as the employee's termination in violation of public policy. *Id.* at 568. *Phillips* did *not* involve unlawful harassment or discrimination and merely involved conduct on the part of the defendants that fell within the normal scope of employment (i.e., termination, payment of wages, discipline, etc.). In stark contrast, the alleged conduct of Defendants was *not* within the "normal" scope of employment, as set forth in more detail below. Moreover, the courts have recognized that intentional infliction of emotional distress claims may be brought against individual defendants in the employment context. *See Alcorn,* 2 Cal.3d at 498. As such, it does not follow in the present case that the conduct of Defendants cannot give rise to a claim for intentional or negligent infliction of emotional distress simply because Defendants cannot be held individually liable for retaliation under FEHA.

4. **<u>Plaintiff's Intentional and Negligent Infliction of Emotional Distress Claims Are *Not* Barred by the Exclusivity Provision of California's Workers' Compensation Act.</u>**

It has long been recognized that California's Workers' Compensation Act ("WCA") does not provide the exclusive remedy for conduct that falls outside the normal risk of

Law Offices of Sofian Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA 93720

employment. *See e.g., Livitsanos v. Superior Ct.,* 2 Cal.4th 744 (1992); *Fermino v. Fedco, Inc.,* 7 Cal.4th 701, 713-714 (1994) (egregious employer conduct cannot be considered part of the normal risk of employment). It is true that emotional distress suffered by an employee as the result of an employer's conduct in employment actions, such as termination, promotions, demotions, criticism of work practices, etc., is barred by the exclusive remedy provisions of the WCA. *See Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 160 (1987). However, such exclusivity rule does *not* bar claims for emotional distress that result from sexual harassment, unlawful discrimination, or other misconduct that "exceed[s] the normal risks of the employment relationship." *See Livitsanos v. Superior Ct.,* 2 Cal.4th at 756; *see also Fretland v. County of Humboldt,* 69 Cal.App.4th 1478, 1492 (1999; *Accardi v. Superior Ct.,* 17 Cal.App.4th 341, 347 (1993), disapproved on other grounds in *Richards v. CH2M Hill, Inc.,* 26 Cal.4th 798 (2001); *Murray v. Oceanside Unified School Dist.,* 79 Cal.App.4th 1338, 1362 (2000). As one court reasoned, "The Legislature . . . did not intent that an employer be allowed to raise the exclusivity rule for the purpose of deflecting a claim for discriminatory practices." *Accardi v. Superior Ct.,* 17 Cal.App.4th at 352.

   Here, the FAC sets forth causes of action for sexual harassment, unlawful discrimination and retaliation, and other unlawful employment practices. As such, Plaintiff's emotional distress damages arising from such conduct would not be barred by the exclusivity provisions of the WCA. The type of conduct being alleged against the Defendants does *not* fall within the scope of their employment with BROSAMER and cannot be said to fall within the "normal risks of the employment relationship." As such, the WCA does not operate as a bar to Plaintiff's intentional and negligent infliction of emotional distress claims against Defendants.

**D.** <u>**IN THE EVENT THIS COURT DISMISSES PLAINTIFF'S CAUSES OF ACTION FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST PLAINTIFFS, WHICH IT SHOULD NOT, THIS COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND HER COMPLAINT.**</u>

   Federal Rules of Civil Procedure Rule 15, subsection (a), provides that leave to amend shall be freely given "when justice so requires." Moreover, courts have recognized that "a district court *must* grant a plaintiff at least one opportunity to amend their claims before

Law Offices of Sofian
Solomon Dawood
7170 N. Financial Drive,
Suite 101
Fresno, CA  93720

9

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants Polegar, Othein, and Escobedo's
Motion to Dismiss

dismissing them if 'it appears a more carefully drafted complaint might state a claim upon which relief can be granted.'" *Silva v. Bieluch,* 351 F.3d 1045, 1048 (11th Cir. 2003) (emphasis added; citation omitted). Indeed, the policy favoring the allowance of at least one amendment is so strong that the Ninth Circuit has held that the court should grant leave to amend even if the plaintiff does not request it, so long as the defect is not one that cannot be cured by the allegation of different facts. *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995).

For the reasons set forth above, the facts alleged in the FAC are sufficient to constitute causes of action for intentional and negligent infliction of emotional distress against Defendants. However, in the event this Court disagrees, Plaintiff requests that she be granted leave to amend her FAC to allege additional facts. Because it is possible to allege facts that would constitute such causes of action against individual non-employer defendants, Plaintiff should be given the opportunity to cure any defects or insufficiencies that the Court may find in the FAC so as to state causes of action for intentional and negligent infliction of emotional distress against Defendants.

## IV.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Motion to Dismiss with respect to the fourth and fifth causes of action as to POLEGAR, OTHEIN, and ESCOBEDO only and should *deny* the Motion to Dismiss with respect to Plaintiff's causes of action for intentional and negligent infliction of emotional distress as to each of those defendants. In the event this Court dismisses Plaintiff's intentional and negligent infliction of emotional distress causes of action against the Defendants, Plaintiff respectfully requests leave to amend the FAC.

Dated: September 3, 2008          LAW OFFICES OF SOFIAN SOLOMON
                                  DAWOOD


                                  By   /s/ Sofian Dawood
                                       SOFIAN DAWOOD
                                       Attorney for Plaintiff
                                       CHARLENE SHOEMAKER

Law Offices of Sofian Solomon Dawood
7170 N. Financial Drive, Suite 101
Fresno, CA 93720

10
Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants Polegar, Othein, and Escobedo's Motion to Dismiss