UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOEMAKER, | No. C 08-3098 WDB |
| Plaintiff, | |
| | ORDER FOLLOWING HEARING ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS |
| v. | |
| R&L BROSAMER, INC., et al. | |
| Defendant. | |

_____/

On September 24, 2008, the parties appeared for a hearing on Plaintiff's Motion to Remand and Defendants' Motion to Dismiss. A Case Management Conference also was set for the same day. The Court ruled from the bench as follows:

(1) At the hearing, the undersigned set forth his legal analysis and conclusions about the Motion to Remand and informed the parties that, in his view, the case should be remanded to state court. However, the Court also noted that, in the parties' Joint Case Management Statement, counsel indicated that they were amenable to attempting to resolve this action through mediation. Counsel for Plaintiff confirmed on the record Plaintiff's willingness to use resources from the court-sponsored ADR program to mediate her claims. Defendants' counsel confirmed the same by letter dated September 26, 2008.

Accordingly, to give the parties the opportunity to use the Court's ADR resources to mediate Plaintiff's claims, the undersigned defers ruling on the Motion to Remand. The Court will forward a copy of this Order to the ADR Department and ask that a mediator with expertise in employment-related matters be appointed to the case. The parties will hear directly from the ADR Department, or the assigned mediator, to set up a time for the

mediation.  If the parties do <u>not</u> hear from the ADR Department or the assigned mediator by October 20, 2008, Plaintiff's counsel must notify the undersigned by calling (510) 637-3324. The Court encouraged the parties to use the time leading up to the mediation to disclose material information and documents to one another and to undertake any surgical discovery that is necessary to have a productive mediation.  The Court also made clear its intention that if the parties' attempt to mediate Plaintiff's claims fails, the parties should be allowed to undertake a full-range of additional discovery when the matter is returned to state court.

(2)  **By no later than December 1, 2008,** Plaintiff must electronically file a letter to notify the Court of the status of the parties' efforts to resolve Plaintiff's claims by mediation.  Plaintiff must <u>not</u> include in this letter any information about the substance of the parties' settlement negotiations.  If Plaintiff's December 1, 2008, letter informs the Court that the matter did not settle, the Court promptly will file its Order on Plaintiff's Motion to Remand.

(3)  Counsel for Plaintiff confirmed on the record that Plaintiff dismisses her claims for retaliation —the fourth and the fifth causes of action in the First Amended Complaint — against the Individual Defendants John Polegard, Shawn Othein, and Jose Escobedo.  These claims are no longer viable under California law.  Counsel for Plaintiff also confirmed that Plaintiff withdraws from the First Amended Complaint the claim for liquidated damages under the Fair Labor Standards Act.

(4)  Because the Court has decided to defer ruling on the parties' Motions, Defendant is relieved of its duty to file an Answer or any other pleading in this Court, and the Court preserves Defendant's right to timely file an Answer in state court.

IT IS SO ORDERED.

Dated:   October 1, 2008

_____
WAYNE D. BRAZIL
United States Magistrate Judge

2