IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE SHOEMAKER,<br><br>    Plaintiff,<br><br>v.<br><br>R & L BROSAMER, INC.,<br><br>    Defendant.<br>_____/ | No. C 08-3098 WDB<br><br>**ORDER REMANDING AMENDED COMPLAINT TO CALIFORNIA COURTS** |

    The Court heard plaintiff's motion to remand and individual defendants' motion to dismiss on September 24, 2008. During the hearing, the Court explained its view that the motion to remand should be granted on the condition that plaintiff dismiss the one claim in her complaint that appeared to seek relief under federal law (the FLSA). The Court also explained that, if the case was remanded, the court best positioned to rule reliably on the motion to dismiss that was filed by the individual defendants would be the state court. Rather than enter orders formally announcing these decisions, however, the Court invited the parties to use the Court's ADR program to see if they could settle the case. We have been

advised that the parties participated in a Court-sponsored mediation but have not been able to reach a settlement. We must therefore enter the instant Order.

The only basis for subject matter jurisdiction set forth in the original complaint was plaintiff's claim that she was entitled to relief under the FLSA. Plaintiff has decided to dismiss that claim. And, contrary to defendant's contention, the FLSA does not preempt plaintiff's state law claims. To adjudicate plaintiff's claims a court would not need to interpret ambiguous terms of the CBA; at most, a court would need to ministerially apply unambiguous terms of that agreement. See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988); Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 691-92 (9th Cir. 2001) (en banc); Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1109-10 (9th Cir. 2000).

While we retain discretion to exercise jurisdiction over the remaining claims that sound under state law, there is no substantial justification for invoking that discretion. All of the claims that will be litigated in this matter arise under state law. No prejudice to any party, and no extended delay, would result from remand. The parties will be able to use in the state court proceedings the products of the modest discovery they have undertaken here. No substantive motions are pending – and this Court has made no rulings on state law issues. Obviously, California judges are much better positioned to interpret California law than we

are. The case, without the FLSA claim, clearly belongs in state court. That is where we send it.

The motion to REMAND is GRANTED – AS IS PLAINTIFF'S ORAL MOTION TO DISMISS THE CLAIM UNDER THE FLSA. We DECLINE TO RULE ON THE MOTION TO DISMISS FILED BY THE INDIVIDUAL DEFENDANTS – a motion better addressed by the state court.

**IT IS SO ORDERED.**

Dated: December 18, 2008.

WAYNE D. BRAZIL
UNITED STATES MAGISTRATE JUDGE

cc: all parties, stats

shoemaker remand